THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, *vs.* NATHAN BARSKY.

1. MUNICIPAL CORPORATIONS—TAX SALES—PROCEEDINGS—MANDATORY AND DIRECTORY PROVISIONS.

17 *Del. Laws, c.* 207, § 91, providing for the sale of land for taxes, in so far as it requires that the assessor and collector shall make and deliver to the city solicitor, within two weeks after the newspaper advertisement of the list of persons whose taxes are unpaid, a certificate of the facts, together with a brief description of the real estate on which the tax has been assessed, etc., is directory only; but the provision requiring the assessor and collector to advertise in two daily papers of the city a full list of the persons whose taxes are unpaid, together with a brief description of the realty taxed, is mandatory.

2. MUNICIPAL CORPORATIONS—DELINQUENT TAXES—CERTIFICATE.

Under 17 *Del. Laws, c.* 207, § 91, requiring the assessor and collector of taxes, within two weeks after publication of the delinquent list, to certify to the city solicitor the names of the owners of delinquent property, together with a brief description thereof, etc., the assessor and collector is only entitled to certify such taxes as he has been authorized by warrant to collect during his term of office.

3. MUNICIPAL CORPORATIONS—TAX SALES—TIME.

Under 17 *Del. Laws, c.* 207, § 91, providing that the certificate of the assessor and collector of delinquent taxes shall be filed after the newspaper advertisement, which is required to be made on the first Saturday in September of each year, a sale of a taxable's real estate for the taxes of the preceding year cannot be made until after the newspaper advertisement.

4. MUNICIPAL CORPORATIONS—UNPAID TAXES—COLLECTORS—TERM OF OFFICE.

Notwithstanding the term of office of the assessor and collector of taxes has expired, he is authorized by 17 *Del. Laws, c.* 207, § 79, to collect outstanding taxes until the thirty-first day of the succeeding December, and hence has power during that time to make and deliver the delinquent certificate required by *section* 91 to the city solicitor.

(*April* 7, 1914.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Daniel O. Hastings*, City Solicitor, for plaintiff.

*Robert Adair* for defendant.

Superior Court, New Castle County, March Term, 1914.

LEVARI FACIAS, No. 37, March Term, 1914.

Action by the Mayor and Council of the City of Wilmington against Nathan Barsky to collect taxes. Application by defendant to set aside a sheriff's sale under a *levari facias* issued on a judgment entered on a certificate made and delivered to the city solicitor by the assessor and collector of taxes of Wilmington, pursuant to 17 *Del. Laws, c.* 207, § 91. Application granted.

The case is stated in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

On the twenty-eighth day of January, A. D. 1914, the solicitor for the City of Wilmington filed in the prothonotary's office a certificate made by the assessor and collector of taxes for the Northern district, the same being in the following words and figures, viz.:

"I, James H. Morris, Assessor and Collector for the City of Wilmington, for the district north of Sixth Street, known as the Northern District, in the City of Wilmington, County of New Castle and State of Delaware, do hereby certify that Nathan Barsky is the owner of a certain lot or piece of land situate in the City of Wilmington aforesaid, bounded and described as follows, to wit:

"Beginning at a stake on the northerly side of Lovering Avenue at the distance of one hundred and seventy-five feet easterly from the easterly side of Jackson Street; thence northerly, parallel with Jackson Street, one hundred and twenty feet to the southerly side of a five feet wide alley; thence easterly along said alley side and parallel with Lovering Avenue fifty feet to a corner; thence southerly and parallel with the first mentioned line twenty feet to the aforesaid northerly side of Lovering Avenue, and thence thereby westerly fifty feet to the place of beginning. With the use and privilege of said alley in common with others entitled thereto forever.

"That said lot or piece of land from the year 1903 to the year 1905 inclusive was annually assessed against George M. Gallagher as owner, from the year 1906 to the year 1909 inclusive was annually assessed against George M. Gallagher Estate as owner, and from the year 1910 to the year 1913 inclusive has been annually assessed against Nathan Barsky as owner at the sum of eight hundred dollars, the city and school taxes thereon amounting as follows:

| | |
|---|---|
| City and school taxes for the year 1903, | $ 12.60 |
| 1904, | 12.60 |
| 1905, | 12.60 |
| 1906, | 12.60 |
| 1907, | 12.60 |
| 1908, | 12.60 |
| 1909, | 12.60 |
| 1910, | 12.60 |
| 1911, | 12.60 |
| 1912, | 12.85 |
| 1913, | 12.85 |
| Amounting to | $139.10 |

all of which said taxes are due and unpaid.

"That although I have often made written demands upon the said George M. Gallagher, Julia A. P. Adair, sole executrix of the estate of the said George M. Gallagher, deceased, and the said Nathan Barsky, the last of which said notices addressed to the said Nathan Barsky demanded the payment of said taxes on or before the sixth day of October, 1913, or more than ten days prior to the date of this certificate, they, the said George M. Gallagher, in his life time, and Julia A. P. Adair, sole executrix of his estate after his death, and the said Nathan Barsky have severally refused to pay the said taxes; that I have found no goods or chattels of such persons sufficient to pay such tax, nor any tenant or tenants of such persons.

"That the following other persons or corporations have an interest in this property as hereinafter set forth:

The Mayor and Council of Wilmington:
 Sewer lien.........................................$85.00
  With interest thereon from the twenty-third day of
   January, 1907.
Robert M. Burns, late receiver of taxes for Wilmington
  Hundred, New Castle County:
 Judgment for county taxes, 1911.....................  2.73
 Costs on same......................................  2.22
 County taxes, 1912.................................  2.73
Charles H. Lippincott, receiver of taxes and county treasurer:
 County taxes, 1913.................................  2.23

"That the reasonable costs in this matter to this date amount to the sum of ten dollars and twenty-five cents.

"[Signed]   James H. Morris.

"Sworn to and subscribed before me, this twenty-first day of January, A. D. 1914.

"Witness my hand and seal of office.

"John W. Talley, Notary Public.   [Seal.]"

The said certificate was made and delivered by the assessor and collector to the city solicitor and directed by the latter to be filed by the prothonotary in pursuance of *Section* 91, *Chapter* 207, *Volume* 17, *Laws of Delaware*, which reads as follows:

Opinion.

"If any person, assessed as aforesaid, shall neglect or refuse to pay the sum which any assessor and collector shall be required to collect from him, or any part thereof, for ten days after demand made, the said assessor and collector shall levy and make the same by distress and sale of the delinquent's goods and chattels, rendering the overplus, if any, after deducting reasonable charges, to the owner or owners thereof, or if no such distress can be found by the assessor and collector, the said tax may be collected from, or levied upon, the goods and chattels of any of his tenants, if such there be, who shall be allowed to set off the amount thereof against any demand for rent on the part of such delinquent landlord, or if there be not rent sufficient to cover the amount so paid or levied, it may be recovered by such tenants from the landlord, with costs. And if any grounds, buildings, or estate belong to a minor or minors, or person or persons absent from the city, the tax laid upon the assessment of such grounds, buildings, or estate may be collected from the person or persons having the care of such grounds, buildings, or estate, and the receipt of the assessor and collector for money so paid shall be a sufficient voucher to all executors, administrators, guardians, trustees, or attorneys, against those whom they represent. If any person or persons from whom any tax is required to be collected, or their executors, administrators, guardians, trustees, or attorneys cannot be found or shall refuse to pay the tax as aforesaid, and no goods or chattels of such person sufficient to satisfy such tax can be found, and the same cannot be collected from any tenant or tenants of such person, or if the owner or owners, or other proper person or persons, having the care and charge over any real estate assessed and described as belonging to 'owner unknown,' as aforesaid, cannot be found, the assessor and collector shall make and deliver to the solicitor for said city a certificate of the facts under oath or affirmation, together with a brief description of the real estate on which said tax shall have been assessed, and the name or names of the person (if known) against whom as owners of said real estate said tax has been assessed; and the said solicitor shall file the said certificate in the office of the prothonotary of the Superior Court of New Castle County,

and judgment shall thereupon be entered therein in favor of 'the mayor and council of Wilmington' on said described real estate, and against the said owner or owners thereof if known, and a writ of *levari facias* shall forthwith be issued thereon, by virtue of which it shall be the duty of the sheriff of said county to advertise and sell the said real estate upon which said taxes have been assessed, under like proceedings as by law are required in the sale of lands and tenements under execution process, and make return thereof to the next regular term of the said Superior Court after the issuing of said writ, and the court may inquire into the circumstances and regularity of the proceedings and either approve the sale or set it aside. If the court approve of said sale, the sheriff shall make a deed to the purchasers, which shall convey all interest and property in and to the real estate so sold. If the sale be set aside and the said tax be still a lien on said real estate, the court may order another sale, and so on until the tax be collected. Such disposal of the surplus proceeds of said sale shall be made by the court as may be deemed just. No sale shall be approved if the owner be ready at court to pay the taxes and costs, and no deed shall be made until the expiration of two years from the time of sale, within which time the owner or owners, his or their heirs, executors or administrators, shall have power to redeem the said real estate so sold on payment to the purchaser or purchasers, his or their heirs or assigns, of the amount of the purchase money and costs and twenty per cent. interest. Proceedings for redeeming land so sold as aforesaid shall be by petition to the said Superior Court, and the said court shall have full power to make all proper rules and orders thereon. If no such grounds, buildings, or estate be found, the assessor and collector shall take the body of such delinquent person and deliver him to the keeper of the common jail of New Castle County, to be detained in safe custody until said tax, with costs, be paid, or such person be legally discharged. All the powers herein vested in an assessor and collector shall devolve upon and be exercised by his executors and administrators, except in cases where a substitute shall be appointed, as provided in *section* 88 of this act. On the first Saturday of September, in each year, the assessors and col-

lectors, shall advertise, in two of the daily newspapers of the City of Wilmington, a full list of the persons whose taxes as aforesaid for the preceding year are at that date unpaid, together with a brief description of the real estate taxed, and shall, within two weeks thereafter, make and deliver the certificates required by this section to the solicitor for said city for all such taxes assessed on real estate as aforesaid which shall not then have been paid."

After the certificate was filed, and based thereon, a judgment was entered by the prothonotary against Nathan Barsky, the delinquent taxable, for the sum of one hundred and thirty-nine dollars and ten cents, and costs, the said sum representing the taxes assessed and levied against the real estate owned by said taxable for the years 1903 to 1913, both inclusive.

A *levari facias* was issued upon said judgment and a sale of the taxable's real estate was advertised and the same sold at public sale on the twenty-eighth day of February, A. D. 1914, for the sum of one hundred and seventy-five dollars.

The confirmation of said sale is resisted on several grounds, the principal one being that the judgment upon which the *levari facias* was issued and the land sold was and is invalid, illegal and void.

[1] It is contended by counsel for the landowner that the judgment is void because the requirements of the statute, under which alone such a judgment can be entered, were not complied with.

The section of the statute above quoted provides that the sheriff shall make return of the sale to the Superior Court, and also that the Superior Court "may inquire into the circumstances and regularity of the proceedings"; and we therefore conceive it to be our duty to make such inquiry in order to ascertain and determine whether the judgment now directly attacked is a valid or void judgment.

In entering judgment under the provisions of the law above mentioned the Superior Court acts by virtue of a special and limited jurisdiction, and it must appear by the record that the proceedings which authorize the entry of the judgment have been

followed, and that the court has acted within the limits of its authority. If any of those requirements of the statute are mandatory, the record must show that they were complied with.

We think the certificate which the law provides that the assessor and collector shall make and deliver to the city solicitor within two weeks after the newspaper advertisement of the list of persons whose taxes are unpaid, is not mandatory in the sense that it shall be made and delivered within two weeks.

It is directory only, because it is not required for the benefit or protection of the taxable or his property, but only "for the guidance of the conduct of officers in the conduct of the public business so as to insure the orderly and prompt performance of public duties." A disregard of the time in which the statute provides that the certificate shall be made, could not injuriously affect the rights of parties interested, and we hold, therefore, that the making and delivery of the certificate is directory, as to the time in which it shall be done. It must be made and delivered, otherwise the judgment will be void, but it may be made and delivered after the two weeks mentioned in the statute.

The judgment is not, therefore, void on this ground. But while this is so, we are constrained to hold that the provision of the statute requiring assessors and collectors to advertise in two of the daily newspapers of the city a full list of the persons whose taxes are unpaid, together with a brief description of the real estate taxed, is mandatory, and must be complied with. It is manifestly intended for the information and protection of the taxable and for no other purpose. It is notice to him of what will be the consequence if he persists in his failure to pay the tax, and the only notice the law provides for before the sale of the property. Surely some notice is requisite before a judgment is entered. It is in effect process, and cannot be disregarded in the proceedings leading up to judgment and sale. Without such advertisement or notice, the certificate can have no force. It is a prerequisite to the certificate which is the authority for the entry of the judgment.

We have seen nowhere a better or clearer discussion of the subject of mandatory and directory provisions of statutes than

in the case of *Kipp v. Dawson*, decided in 1884, and reported in 31 *Minn.* 373, at *pages* 381, 382, 17 *N. W.* 961. We quote from the opinion the following:

"As remarked in *Cooley on Taxation*, 212 *et seq.*, all provisions of statute, not on their face merely permissory or discretionary, are intended to be obeyed, or else they would never have been enacted, and therefore they come to the several officers who are to act under them as commands. But the negligence or mistakes of public officers, and other causes, will often prevent a strict compliance; and when the provisions which have been disregarded constitute, as in this case, a part of a complicated system, it becomes of the highest importance to ascertain the effect the failure shall have on the other proceedings with which they are associated. Does the authority to proceed with the proceedings terminate when that particular step has been neglected, or may the proceedings go on notwithstanding the omission? In other words, should the provision of law not complied with be declared mandatory, or merely directory? The purpose of the provision ought generally to be conclusive on this point. No one should be at liberty to plant himself upon the nonfeasance or misfeasance of officers under these tax laws which in no way concerns or prejudices him. On the other hand, he ought always to have the right to insist that directions which the law has given for his benefit shall be strictly observed. The rule generally adopted (and we think the correct one) is that a statutory provision intended merely for the guidance of the conduct of officers in the conduct of public business, so as to insure the orderly and prompt performance of public duties, and a disregard of which cannot injuriously affect the rights of parties interested, will be deemed merely directory. Such, generally, are regulations as to the time within which a public officer shall perform an act, when the regulation is designed merely to insure system and dispatch in the proceedings. But where the regulation is intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be injuriously affected, it is mandatory."

Such being the law, and being clearly of the opinion that the

provision of the statute respecting the newspaper advertisement, is mandatory, we must hold that the judgment entered against the taxable is invalid and void.

[2]   It is clear that the certificate above mentioned can be made by the assessor and collector only for those taxes, a warrant for the collection of which was placed in his hands during his term of office.   He could not have the knowledge or information that would enable him to make a certificate respecting any other taxes.   Inasmuch, therefore, as the certificate made and filed in this case, and upon which the judgment was based, includes taxes other than those which he was authorized to collect, the judgment must be declared void on this ground also.

It may not be necessary for the purposes of this case that the court should say more, but we think it proper, for the information and assistance of city officials, to express an opinion upon one or two other points raised and argued in the case.

[3]   In view of the requirement of the concluding part of the section above quoted, that the certificate shall be filed after the newspaper advertisement which is required to be made on the first Saturday of September in each year, we are of the opinion that a sale of the taxable's real estate for the tax of the preceding year cannot be made until after the newspaper advertisement, although the earlier portion of said section seems to indicate that it might be made before.

[4]   Notwithstanding the term of office of assessor and collector has expired, he is empowered by *section* 79 of said act to collect outstanding taxes until the thirty-first day of the succeeding December;  and therefore he has the power during that time to make and deliver the certificate he is required to deliver to the city solicitor.

In conclusion, we cannot refrain from expressing our regret that under this decision a large amount of taxes are probably lost to the city, but we are bound to declare what we believe to be the law.   Neither can we refrain from expressing our surprise that there has been so much delay in the effort to collect delinquent taxes.   In this case, and perhaps in many others, the delay has been for a period of eight or nine years.   It is almost incon-

ceivable that there should have been so much laxity on the part of those whose duty it was to collect, and so much indifference on the part of those who have the power to enforce the collection. It is hoped that this decision may have the effect of improving conditions in this regard.

Rule made absolute, judgment vacated, and sale set aside.