MAYOR AND COUNCIL OF WILMINGTON *vs.* VICTOR S. THOMAS.

MUNICIPAL CORPORATIONS—TAX SALES—PROCEEDINGS—MANDATORY PROVISIONS.

The provision of Act April 19, 1883 (17 *Del. Laws, c.* 207, § 91), requiring the assessor and collector to advertise a list of the persons whose taxes are unpaid, with a brief description of the realty taxed, is mandatory, and compliance therewith must be shown by the certificate of the solicitor filed in the office of the prothonotary.

(*December* 17, 1914.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.
*Daniel O. Hastings*, City Solicitor, for plaintiff.
*Andrew C. Gray* (of *Ward, Gray and Neary*) for defendant.
Superior Court, New Castle County, November Term, 1914.

This is a proceeding by petition of Victor S. Thomas against the Mayor and Council of Wilmington for a rule to show cause why a judgment for city taxes, entered against him on a certificate filed by the City Solicitor with the Prothonotary, under *Chapter* 207, *Section* 91, *Volume* 17, *Laws of Delaware*, should not be set aside. The rule issued, and coming on to be heard, the Court announced the following opinion, citing the case of *The City*

*Barsky, ante* 30, in which opinion the facts sufficiently appear.

Opinion.

PENNEWILL, C. J., delivering the opinion of the court:

In the above case a rule was issued commanding the mayor and council of the City of Wilmington to show cause why the judgment entered in this case should not be set aside.

The certificate was delivered to the city solicitor, and by him directed to be filed by the prothonotary, in pursunace of *Section 91, Chapter 207, Volume 17, Laws of Delaware*, which was fully set out in the case of *The City v. Barsky, ante 30, 90 Atl. 217.*

The judgment is sought to be set aside in this case as it was in the *Barsky case*, on the ground that the same is invalid, illegal and void. Specifically, it is contended that the requirements of the statute, under which alone such a judgment could be entered, were not complied with.

The facts are not disputed.

The court feel constrained to set aside the judgment entered in this case for reasons that are obvious and not disputed by the city solicitor. Indeed the decision given in the somewhat similar case of *The City v. Barsky* at the January term of this court, wherein it was held that certain provisions of *Section 91*, of the statute, *Chapter 207, Volume 17, Laws of Delaware*, are mandatory, and must be shown by the certificate filed in the office of the prothonotary, to have been complied with, is decisive of the present case.

But while we are compelled to set aside the judgment we do not decide that the tax for which it was entered is extinguished or uncollectible, if certain appropriate legislation is enacted. All that we decide is that it is uncollectible under the statute in pursuance of which the proceedings were taken. There may be, and no doubt are many city taxes in like situation; and the present law is not only entirely inadequate, but in some respects its provisions are uncertain, and in others inconsistent.

For example, in one part of *section 91*, the collector is authorized to sell the taxable's real estate without advertising the delinquent taxables, and in a subsequent part he is required to advertise such taxables before he can sell. The statute provides that the tax shall be a lien for four years, while the collector is elected for only two years, and his term extended for six months longer

in order that he may collect delinquent taxes not previously collected. So it appears that his authority to collect is ended before the lien of the tax is gone, and it is by no means certain that his successor can, under the present law, collect a tax the warrant for which was not issued to him. Other inconsistencies and uncertainties in the law might be mentioned, but enough have been stated to make it clear that there should be a revision of the law respecting the collection of taxes in the City of Wilmington, and that the needful and appropriate legislation should be enacted at the next session of the Legislature.

Certainly some one should have the power to collect the tax during the existence of its lien.

The judgment involved in this case is set aside.