THE STATE OF DELAWARE, Upon the Relation of HUGH R. SHARP, JR., J. DRAPER BROWN, JR., BENJAMIN F. SHAW, WILLIAM P. RICHARDSON, J. GORDON SMITH, FRANK R. GRIER and DALLAS D. CULVER, constituting the State Highway Department of the State of Delaware, Plaintiffs, v. 0.6878 ACRES OF LAND, More or Less, situated in Milford Hundred, Kent County and State of Delaware, and FILOMENA G. MULLER, WILLIAM A. MULLER, JAMES HUBERT DILL and BESSIE EDWARDS DILL, Defendants.

(*May* 12, 1954.)

HERRMANN, J., sitting.

*William J. Storey* and *George M. Fisher* for the plaintiffs.

*William Watson Harrington* and *William M. Hope* for the defendants.

Superior Court for Kent County, No. 170, Civil Action, 1953.

HERRMANN, J.:

This is a condemnation proceeding commenced by complaint filed pursuant to 10 *Del. C.* § 6102. The plaintiffs seek to acquire by condemnation certain lands owned by the defendant Filomena G. Muller and leased by her to the defendant James Hubert Dill. The plaintiffs bring the condemnation proceeding pursuant to an Act of the Legislature which was approved by the Governor on June 1, 1953, 49 *Del. Laws,* Chapter 102. By that Act, the State Highway Department was "authorized, empowered and directed to condemn or procure" certain lands and premises therein described "for the purpose of establishing a public park for recreational purposes under the supervision and control of the State Park Commission by erecting thereupon one suitable pavilion, one outdoor fireplace, sanitary lavatory conveniences, and a satisfactory well of water in order to create a

public recreational area in the vicinity mentioned." The Act further stated that the sum of $6,500 was thereby appropriated for the purpose and that the funds thus appropriated would revert to the General Fund of the State Treasury if not expended for the specified purpose by June 30, 1955. The Act then provided as follows:

"The condemnation or procurement of land shall be instituted by the State Highway Department within thirty days from the passage and approval of this Act and the construction work and improvements shall be made thereupon as promptly after the condemnation or procurement of the land as is reasonably feasible and proper under all the circumstances."

This proceeding was instituted on November 20, 1953. The defendants move to dismiss the action on the ground that, by reason of the explicit provisions of the Statute, the power of the plaintiffs to seek acquisition of the land by condemnation expired on July 1, 1953, thirty days after the Governor's approval of the Act. The plaintiffs have been unable to point to any authority to support a contrary view.

■ The State Highway Department may, in the exercise of a general power of eminent domain, acquire land for the "construction, reconstruction, or maintenance" of State highways. See 17 *Del. C.* § 138. The Department has no general power to seek condemnation of land for recreational purposes.

■■ Strictness, both in construction and in compliance, is the rule when dealing with a statute which vests a special power of eminent domain. Applying that standard, it is held that the time provision was mandatory and that the special power, vested in the State Highway Department by 49 *Del. Laws*, Chapter 102, was conditioned upon the exercise of the power within the time limitation specified in the Statute. *Lewis on Eminent Domain* (3d Ed.) §§ 380, 387, 388; 6 *Nichols on Eminent Domain* (3d Ed.) §§ 24.2[1], 24.3; 29 *C. J. S.*, Eminent Domain, §219; *cf. Elbert v. Scott*, 5 Boyce 1, 90 *A.* 587; *Mayor and Council of Wilmington v. Barsky*, 5 Boyce 30, 90 *A.* 217; *Wilson v.*

*Baltimore & P. R. Co.,* 5 *Del. Ch.* 524, 549; *Williamson v. Gordon Heights Ry. Co.,* 8 *Del. Ch.* 192, 40 *A.* 933; *Thomison v. Hillcrest Athletic Ass'n,* 9 *W. W. Harr.* 590, 5 *A.* 2d 236.

Since the special power to institute this proceeding has expired by lapse of time, the motion to dismiss the complaint must be granted.