HADEN *v.* STATE.

No. 8830. JANUARY 20, 1933.
ADHERED TO ON REHEARING, FEBRUARY 17, 1933.

*Maurice C. Thomas* and *Thomas S. Felder,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general, T. R. Gress, assistant attorney-general,* and *T. A. Wallace,* contra.

ATKINSON, J. 1. It is provided by statute that jury commissioners in the several counties, created under the provisions of the Penal Code, §§ 813 et seq., "on the first Monday in August, or within thirty days thereafter, . . shall revise the jury-lists, as provided in this article." § 816. Also, that "on failure of the commissioners of any county to revise the jury-list as provided in this article, the judge of the superior court of such county, either in term time or at chambers, shall order the revision made at such time as he may direct." § 818. In the instant case the jury commissioners began the work of revising the jury-list from which the grand jurors who returned the indictment against the defendant was drawn, and continued their work of revision from day to day for more than thirty days after the first Monday in August, and made their formal certificate when the work was completed. There was no order of court granting an extension of time or providing any other time in which the commissioners should revise the list. It was not made to appear that the failure of the commissioners to accomplish the revision on the first Monday in August or within thirty days thereafter affected the defendant injuriously. In the circumstances the provision of the statute as to the time in which the revision of the jury-list should be made is to be regarded as merely directory, and the failure to comply therewith strictly will not afford cause for quashing the indictment. For statement and application of the foregoing principle, see *Rafe* v. *State,* 20 *Ga.* 60; *Woolfolk* v. *State,* 85 *Ga.* 69 (5) (11 S. E. 814); *Pollard* v. *State,* 148 *Ga.* 447-453 (96 S. E. 997); *Rawlings* v. *State,* 163 *Ga.* 406-419 (136 S. E. 448); *Hulsey* v. *State,* 172 *Ga.* 797 (4) (159 S. E. 270); State *v.* Clark, 51 W. Va. 457 (41 S. E. 204 (7)); State *v.* Medley, 66 W. Va. 216 (66 S. E. 358, 18 Ann. Cas. 761); Thompson & Merriam on Juries, §§ 47, 145; 35 C. J. 264, § 217(b); 12 Enc. Pl. & Pr. 277, 16 R. C. L. 236, §§ 53-57. The case differs from *Roff* v. *Calhoun,* 110 *Ga.* 806 (36 S. E. 214), and

*Davis* v. *Arthur*, 139 *Ga.* 74 (3) (76 S. E. 676), which did not involve the question now under consideration.

2. The Penal Code, § 825, declares that the judges of the superior courts "at the close of each term" in open court shall draw the names of grand jurors to serve at the next term, etc. Under application of the principle stated in the first division, the fact that the grand jurors were drawn during term more than one month prior to adjournment of the term was not cause for quashing the indictment.

3. In Bibb County the four regular terms of the superior court convene respectively in February, April, July, and November. It is provided in sec. 3 of the act of 1905 (Ga. L. 1905, p. 88) "That the judge shall only draw a grand jury for the April and November terms of said court; provided that the presiding judge, in his discretion, may require the attendance of the grand jury at the January and July terms, or either of them, if the business of the court should require it; but the duties of said grand jury shall not require them to perform any other service than they shall be by the presiding judge especially charged with." At the February term a grand jury was drawn to serve at the April term. That term extended to July 14, when it was adjourned, the grand jury having been discharged four days previously. The July term ensued for which no grand jury was provided. The term could have been continued until five days before the beginning of the November term. It was adjourned, however, on September 2. During that term the judge, on August 29, called the special term to convene on September 3, and recalled to serve at such special term the grand jury which had served and been discharged at the April term. The indictment against the defendant was returned by this grand jury serving at the special term. *Held:* (*a*) It is declared in the Penal Code, § 796, that the judges of the superior courts "are authorized to hold special terms of said courts for the trial of criminals, or for the disposition of civil business, either or both, in any county of their circuits, at discretion, and to compel the attendance of grand or petit jurors, either of a previous term, or to draw new jurors for the same, according to the laws now in force." This provision of law authorized the judge, in his discretion, to call the special term and to compel the attendance of the grand jury that served at the April term, notwithstanding it was called during the July term

and the April term did not "immediately precede" the special term. (b) The grand jury serving at such special term was not an illegal body nor was the indictment void upon either of the grounds stated.

4. For reasons stated in the first division, similar grounds of attack made in the challenge to the array of traverse jurors show no cause for discharging the panel. Nor was there merit in the second ground of attack made in the challenge to the array of traverse jurors which in effect complains that the array of jurors was illegal because it was drawn from the jury box as revised on the 9th day of October, 1929, whereas the defendant was entitled to an array of jurors that had been drawn from the jury box as revised on the 13th day of October, 1931.

5. The indictment in this case charged that the accused "did then and there unlawfully and with force and arms feloniously make an assault upon and have carnal knowledge of" a named female "forcibly and against her will." This indictment was sufficient, without alleging whether the female was under or over the age of 14 years, and a demurrer to the indictment based upon the ground that it failed to state her age was properly overruled. ATKINSON, J., dissents from this ruling, his views being as follows: Section 93 of the Penal Code of 1910 declares: "Rape is the carnal knowledge of a female, forcibly and against her will." Section 98 declares: "An assault with intent to commit a rape shall be punished by imprisonment at hard labor in the penitentiary for not less than one year nor longer than twenty years." The act of 1918 (Ga. L. 1918, p. 259) declares, in sec. 1: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of same, that from and after the passage of this act it shall be unlawful for any person to have sexual or carnal intercourse with any female child under the age of fourteen (14) years, unless such person shall have previously become lawfully married to such female child." Sec. 2 declares: "That any person violating the provisions of section 1 . . shall be punished as prescribed by section 94 of the Penal Code of Georgia of 1910, unless the jury trying the cause shall recommend that the defendant be punished as for a misdemeanor, in which event the same shall be made the judgment and sentence of the court. Provided, however, that no conviction shall be had for said offense on the unsupported testi-

mony of the female in question." Section 3 repeals conflicting laws. Section 94 of the Penal Code declares: "The crime of rape shall be punished with death, unless the defendant is recommended to mercy by the jury, in which case the punishment shall be the same as for an assault with intent to commit a rape." In *Echols* v. *State*, 153 *Ga*. 857 (113 S. E. 170), it was held in effect that the act of 1918 did not create an offense separate from that defined in section 93, and that on indictment for rape under that provision of the Code, where the age of the female was not alleged, the defendant could be convicted in virtue of the act of 1918, on proof of carnal knowledge of the female and that she was under the age of fourteen years and not married to the man, notwithstanding her actual consent to the intercourse. In the instant case the indictment conformed to the provisions of the Penal Code, § 93, and failed to allege the age of the female. The defendant demurred to the indictment generally on the ground that it failed to allege the age of the female, and specially on the ground that it failed to allege whether the female was or was not under the age of fourteen years. As the laws were construed and applied in the case of *Echols* v. *State*, supra, in order that he might prepare for his defense, on each theory of the State's case, it was material, and he was entitled on special demurrer to an allegation in the indictment, whether the female was under or over the age of fourteen years, and it was erroneous to overrule the demurrer. *Langston* v. *State*, 109 *Ga*. 153 (35 S. E. 166); *Johnston* v. *State*, 90 *Ga*. 441, 444 (16 S. E. 92); *O'Brien* v. *State*, 109 *Ga*. 51 (35 S. E. 112); U. S. *v.* Hess, 124 U.S. 483 (8 Sup. Ct. 571, 31 L. ed. 516); Oakley *v.* State, 135 Ala. 15 (33 So. 23); 22 R. C. L. 1201, § 33, note 19; 52 C. J. 1041, §§ 55, 56; State *v.* Houx, 109 Mo. 654 (19 S. W. 35, 32 Am. St. R. 686). Treating the act of 1918 (Ga. L. 1918, p. 259) as amendatory of the Penal Code, § 93, as was done in *Echols* v. *State*, supra, the definition of rape became statutory, and the indictment on special demurrer should have alleged whether the injured female was under or over the age of fourteen.

6. The Penal Code, § 968, declares: "No prisoner shall be brought into court, for arraignment or trial, tied, bound, or fettered, unless the court shall deem it necessary, during his arraignment or trial." The judge did not err on the trial in overruling the motion of the defendant's attorney, made before a panel of trav-

erse jurors was put upon the defendant, as set forth in the third ground of the amendment to the motion for a new trial, to discharge the panel of traverse jurors who saw the defendant brought into court "handcuffed" by the sheriff without being authorized by order of the court and before the incident was known to the court, who, upon his attention thereto being called, immediately ordered the handcuffs removed.

7. The State introduced evidence tending to show that while the alleged injured female was riding at night on a designated road with a man in his automobile they were overtaken by defendant and another man with whom he was afterwards jointly indicted, who while under influence of liquor were driving in another automobile, and by them stopped; that the two men last mentioned abandoned the car in which they were riding, forced the first man out of his car, and robbed him of a sum of money, and then got in his car and drove off carrying the woman, falsely stating to her their names and destinations, and after driving several miles turned from the road, stopped the car, forced the woman out, and committed rape upon her person. The State also introduced evidence, which was objected to en bloc, tending to show that on the same night, shortly before the above-mentioned assault upon the man, the same two men while under the influence of liquor had intercepted another man and woman riding in an automobile, and in the same community where the above-mentioned assault upon the man was committed, forced the last-mentioned man and woman out of their car, and, after robbing both of them of sums of money, drove off in the car, leaving the man and woman in the road; that the car was the same as that which was abandoned by the two men at the time of the assault upon the man first above mentioned, and that when the officer found the abandoned car he discovered in it a certain pocket-book and other articles which were identified as property which had been taken from the man who had first been robbed. *Held,* that the evidence objected to was relevant as tending to identify the defendant as perpetrator of the crime of rape, and therefore comes within a well-defined exception to the general rule which prohibits introduction of evidence of separate and distinct offenses, as referred to in *Wilson* v. *State,* 173 *Ga.* 275, 284 (160 S. E. 319), and cit.

(*a*)  The court did not err in admitting the evidence complained of in the fourth special ground of the motion for new trial, over the objections that it was irrelevant and related to a separate and distinct offense from that for which the defendant was on trial, and that it put his character in issue.

(*b*)  Nor did the court err, at the time of admitting the evidence or in his general charge to the jury, in failing to instruct the jury as complained of in the eighth ground, without any request therefor, the purposes for which the evidence might be considered, and that they could only consider the evidence "in so far as it tended to show in their opinion the identity of the accused with the crime for which he was being tried, or in so far as it showed a scheme or plan on the part of the accused to commit the crime for which he was being tried."

8.  Testimony of a witness offered for the purpose of laying the foundation for introduction of a statement made by the accused, that "there was no inducement offered and no threats made," was not objectionable as complained of in the fifth ground of the motion for a new trial, on the ground that "it was a conclusion."

9.  The instruction complained of in the ninth ground, "Drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness was occasioned by the fraud, artifice, or contrivance of another person for the purpose of having a crime perpetrated," was not erroneous, as contended, on any of the following stated grounds:  (a) that it was unauthorized by the evidence; (b) that it deprived the defendant of the right to have the jury consider his drunken condition as tending to establish his contention that he could not have committed the crime of rape on account of such condition; (c) that it withdrew from the jury the right to consider the drunken condition of the accused as affecting motive and intent, and amounted to a direction that the jury could not consider the intoxicated condition of the accused for any purpose, even upon the question of a recommendation of mercy, should the jury find the defendant guilty of the offense as charged; (d) that the instruction impressed the jury that the defendant was contending that his drunken condition was an excuse for the crime, that he had confessed the crime, and was only attempting to excuse it by pleading drunkenness; (e) that the charge was given at the request of the attorney for the State, and the words "unless

such drunkenness was occasioned by the fraud, artifice, or contrivance of another person for the purpose of having the crime committed," was not authorized by the evidence.

10. Nor was the charge set forth in the preceding division erroneous, as complained of in the tenth ground, because without written request the court failed to charge further upon the question of drunkenness of the defendant as authorized by the evidence and the prisoner's statement, and particularly that the jury could consider drunkenness on the question of defendant's incapacity to commit the crime, and on the question of whether he should be found guilty of the lesser offense of assault with intent to commit a rape, and on the question of whether they would recommend defendant to the mercy of the court in the event they found him guilty.

11. The instruction complained of in the eleventh ground, that "Penetration may be proved as well by indirect or circumstantial evidence as by direct evidence," was not erroneous, as contended, on either of the following grounds: (a) The evidence did not authorize it. (b) The judge did not in connection therewith define "indirect or circumstantial evidence," or charge the jury as to the weight to be given circumstantial evidence. The charge as given was a correct statement of the law applicable to the case, and was not subject to criticism on the ground that the judge failed, without written request, to give in charge some other pertinent and legal principle of law applicable to the case.

12. The instruction complained of in the twelfth ground, that "Another element involved in the definition is that it must be against the will of the female named in the indictment. If she consented at any time during the carnal intercourse, that would deprive the act of the character of rape. If she did not consent, if it was against her will, that element required by the law would be satisfied," was not erroneous, as contended, on ground that the language "if she consented at any time during the carnal intercourse" was an expression of opinion as to what had been proved in the case. Nor was the charge erroneous, as contended, "in that it limited the time of consent to the period during the carnal intercourse."

13. The failure to charge, without request, as complained of in the thirteenth ground, "on the minor offenses of assault with in-

tent to commit a rape, assault and battery, and an assault," was not erroneous on the ground, as contended, that such minor offenses were involved in the case under the pleadings and authorized by the evidence, and should have been considered if the jury should not find the defendant guilty of the principal offense. *Lewis* v. *State*, 156 *Ga.* 862 (120 S. E. 124). BECK, P. J., and ATKINSON, J., dissent from this ruling. See, in this connection, *Moore* v. *State*, 151 *Ga.* 648 (5) (108 S. E. 47).

14. The instruction complained of in the fourteenth ground, "The definition also involves an element of force, which must be apparent from the evidence," was not erroneous, as contended, on the ground that the judge failed, in connection with this instruction, to explain "what amount of force, active or constructive, was required," and to give a definition of force as applied to the crime of rape.

15. The fifteenth and seventeenth grounds complain of insufficiency of the evidence to prove the venue, while the sixteenth ground complains of the failure to charge, without request, "as to the proof necessary to prove the venue of the crime, and that it should be established, like any other element of the crime, beyond a reasonable doubt." The evidence was sufficient to prove the venue, and the judge charged generally on the law of reasonable doubt. In the circumstances these grounds are without merit.

16. The eighteenth ground complains that the verdict was unauthorized by the evidence, in that one of the essential elements of the crime, that of penetration by the sexual organ, was not proved. On this ground the evidence has been carefully considered, and is held to be sufficient.

17. The nineteenth ground complains of the failure of the judge, without written request, to charge the jury on the law of circumstantial evidence. The conviction did not depend entirely on circumstantial evidence, and in such case the judge was not required, without written request, to give instruction on that subject. *McElroy* v. *State*, 125 *Ga.* 37 (53 S. E. 759).

18. L. J. Stevens, a deputy sheriff, testifying as witness for the State, was about to give evidence as to the manner in which certain alleged incriminating statements were obtained from the defendant. The jury was sent out, and in their absence a preliminary examination of the witness took place. At the conclusion of the

examination the jury returned to the box, and in their presence the judge, addressing the solicitor-general, stated: "It seems to me you ought to put Mr. Hicks [the sheriff], up, because it was testified that he talked with him when the witness was not present." *Held:*

(*a*) The use of this language in the circumstances stated did not require grant of a mistrial, on motion promptly made by the defendant's counsel, on the ground that the remarks were prejudicial to the defendant and were an expression of opinion by the judge as to the testimony in the case.

(*b*) Nor were such remarks by the judge cause for the grant of a new trial, as contended, because they were prejudicial to the defendant and were expressions of opinion as to what had been testified.

(*c*) Nor were such remarks by the judge cause for a new trial on the ground, as contended, that they "put the trial judge in the position of a prosecutor directing the State as to what witness should be put upon the stand to testify for the State."

19. The remarks of the solicitor-general while addressing the jury, which are fully set forth in ground 22 of the motion for a new trial, constituted flights of eloquence and impassioned appeals for a conviction of the defendant, but did not introduce such facts that were not in evidence as would require the grant of a mistrial on motion duly made. See generally, on this subject: *Western & Atlantic Railroad Co.* v. *York,* 128 *Ga.* 687 (2) (58 S. E. 183); *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Taylor* v. *State,* 121 *Ga.* 348 (49 S. E. 303); *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11).

20. The language of the judge, in stating the offense charged in the indictment, as complained of in ground 6 of the motion for a new trial, to the effect that the grand jury has charged that the defendant "is guilty of the offense of rape," is not cause for reversal on the ground, as contended, that the grand jury could not determine the guilt or innocence of the defendant, and that the use of the language above quoted impressed the trial jury that the grand jury was of the opinion that the defendant was guilty.

21. The judge charged: "The defendant goes into the trial of the case with the presumption in his favor, and that presumption goes with him throughout the trial until his guilt be established

**314**

beyond a reasonable doubt." He also charged the law generally on reasonable doubt. Having so charged, it was not cause for reversal, as complained of in ground 7 of the motion for a new trial, that the judge failed, without written request, to charge that the defendant entered upon his trial with the "presumption of *innocence*" in his favor which remained with him throughout the trial until his guilt was established beyond a reasonable doubt.

22. The first special ground of the motion for a new trial relates to the plea in abatement, and the second ground relates to the challenge to the array of traverse jurors. The principles stated in the first and fourth divisions, supra, control the case on these grounds adversely to the movant.

23. The evidence was sufficient to support the verdict of guilty, and there was no error in refusing a new trial.

*Judgment affirmed. Hill, Gilbert, and Bell, JJ., concur.*

RUSSELL, C. J., concurs only in the judgment. ATKINSON, J., dissents from the ruling announced in the fifth division. BECK, P. J., and ATKINSON, J., dissent from the ruling announced in the thirteenth division.