27457. DAUGHTERY *v.* THE STATE.

DECIDED APRIL 11, 1939.

*I. J. Bussell,* for plaintiff in error.

*John S. Gibson, solicitor-general,* contra.

GUERRY, J. 1. "The statutes prescribing the time for selecting the jury-list are held to be merely directory; and if the list is at a later date properly selected and returned, the delay furnishes no ground of objection to the panel." 35 C. J. 264. "The statutes regulating the selection, drawing, and summoning jurors, are intended to distribute jury duties amongst the citizens of the county, provide for rotation in jury service, and to insure at each court the attendance of persons to serve on juries, and are no part of a regulation to secure to parties *impartial* juries." *Rafe* v. *State,* 20 *Ga.* 60. The Code, § 59-106, as to the time the revision should be made, is directory only. *Haden* v. *State,* 176 *Ga.* 304 (168 S. E. 272); *Woolfolk* v. *State,* 85 *Ga.* 69 (5) (11 S. E. 814); *Pollard* v. *State,* 148 *Ga.* 447, 453 (96 S. E. 997); *Rawlings* v. *State,* 163 *Ga.* 406, 419 (136 S. E. 448); *Hulsey* v. *State,* 172 *Ga.* 797 (4) (159 S. E. 270); State v. Clark, 51 W. Va. 457 (41 S. E. 204 [7]); State v. Medley, 66 W. Va. 216 (66 S. E. 358, 18 Ann. Cas. 761); Thompson & Merriam on Juries, §§ 47, 145; 35 C. J. 264, § 217(b); 12 Enc. Pl. & Pr. 277; 16 R. C. L. 236, §§ 53-57. Although the jury-list should be revised every two years the fact that two years had elapsed since such revision had taken place has no effect on any rights guaranteed to the defendant. Especially is this true where the court sets out in the record reasonable ground for such slight delay. Moreover, the Code section provides that the list shall be revised biennially, or, if the judge so directs, triennially. The court did not err in denying the challenge to the panel of jurors placed upon the defendant because the jury-list had not been revised since August, 1936.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*