FRANK PITTS, MERLE COKER, Appellants, v. WILLIAM THOMAS WHITE, Appellee.

(*January* 21, 1955.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*W. Howard Thompson* for appellants.

*Samuel R. Russell* (of the firm of Tunnell and Tunnell) for appellee.

Supreme Court of the State of Delaware, No. 25, 1954.

BRAMHALL, J.:

This is an appeal from an order of the Superior Court of Sussex County denying appellants' (hereinafter plaintiffs') motion for a new trial and to set aside judgment under Rule 60(b) (6) of the Superior Court, *Del. C. Ann.*

Plaintiffs instituted suit in the Superior Court to recover damages from defendant arising out of an automobile accident. The trial before the court and jury on March 6, 1953, resulted in a verdict in favor of appellee (hereinafter defendant). On May 19, 1953, plaintiffs filed a motion for a new trial and to set aside judgment under Rule 60(b) (6) of the Superior Court, alleging: (1) that the jury panel for the term of court in which this case was tried was drawn in the absence of one of the jury commissioners; and (2) that the jury panel was drawn three months prior to the commencement of the term of court and not fifteen days as provided by the statute. The facts upon which this motion was based were not known by plaintiffs until May 18, 1953, one day before the filing of plaintiffs' motion. The record of the trial court failed to disclose any information by reason of which plaintiffs could have become informed of the facts upon which their motion was based or which would have put them upon notice of any such facts.

The trial judge held that since plaintiffs had not filed their motion for a new trial in accordance with Rule 59(b) of the Superior Court—not later than 10 days after the entry of judgment—plaintiffs' motion for a new trial would be dismissed. The court held, however, that plaintiffs' motion was entitled to consideration under Rule 60(b) (6) of that Court. On March 8, 1954, the Superior Court denied plaintiffs' motion.

In a previous decision in this case, dated December 8, 1954, 109 A. 2d 786, we held that the trial judge was correct in denying plaintiffs' motion for a new trial and in allowing plaintiffs to proceed with their motion to set aside judgment under Rule 60(b) (6) of the Superior Court.

The pertinent facts as set forth in the stipulation of facts are substantially as follows: On December 10, 1952, the jury commissioners met and drew the jury list for the February Term, 1953, of the Superior Court. At the same time jury commissioner C. Donnan Holzmuller selected one-half, or "his share", of the jury list for the April Term, 1953, signed in blank the jury list

and delivered both to the prothonotary. On March 12, 1953, Dr. Joseph B. Waples, Jr., the other jury commissioner, selected "his share" of the jury list for the April Term of Court. The names selected by both Holzmuller and Waples were then added to the jury list, which was also signed by Waples. At that time Holzmuller was not present.

Considering the objections of plaintiffs in the light of the circumstances surrounding the drawing of the jury panel, it is clear that at the time that Holzmuller's list was drawn both commissioners were present and Holzmuller's list was drawn by Holzmuller himself. It is also clear that at the time of the drawing of the "other half" of the list, Waples was present and drew his half of the jury panel. It is therefore apparent that there can be no question of a jury panel drawn by some improper person in the absence of one authorized to make the drawing. The noncompliance with the statute of which plaintiffs complain is therefore the drawing of the jury panel, or more correctly a part thereof, three months prior to the term of court, and not fifteen days as provided by statute.

Title 10, *Del. C.*, Sec. 4508 (a), provides as follows:

"The Jury Commissioners for each county, respectively, shall, 15 days before the commencement of each term of the Superior Court for the county and at such other times as they may be directed by the Court, draw from the boxes marked 'Petit Jurors' the names of 36 persons apportioned as nearly equally as may be among the representative districts of the county, to serve as petit jurors at the ensuing term of the Superior Court, in and for the Counties of Kent and Sussex; and the names of 40 persons apportioned as prescribed in this section to serve as petit jurors at the ensuing term of the Superior Court, in and for the County of New Castle. When two sessions of the Superior Court, in any county, shall be held at the same time, but one panel of jurors shall be drawn to serve at both sessions."

It is clear that the jury panel was not drawn as prescribed by the statute,—15 days before the beginning of the term of court. But the question is whether or not the provision in the statute relative to the drawing of the jury is mandatory or directory. If the provision is mandatory, then the finding of the jury and the judgment entered thereon is a nullity and the trial judge was in error in refusing to grant plaintiffs' motion to set aside the judgment under Rule 60(b) (6) of the Superior Court. If, on the other hand, the provision of the statute in this respect was merely directory, then the action of the trial judge in refusing to set aside the judgment should be affirmed, since there is no evidence offered by plaintiffs of any prejudice sustained by them as a result of the selection of the jury panel in an irregular manner in point of time.

As a general rule, where a statute which imposes upon a public officer the duty of performing some act relating to the interests of the public and which fixes a time for the doing of such act, the requirement of time will be construed as directory rather than mandatory and not as a limitation of the exercise of the power, unless by reason of the act to be performed, or the manner of its performance, it will have an adverse effect upon some public interest or private right. *State v. Grace*, 98 *Ark.* 505, 136 *S. W.* 670; *City of Uvalde v. Burney, Tex. Civ. App.*, 145 *S. W.* 311, *Allen v. Lewis*, 26 *Wyo.* 85, 177 *P.* 433; *Blattner v. Dietz*, 311 *Ill.* 445, 143 *N. E.* 92; *Wait v. Southern Oil & Tar Co.*, 209 *Ky.* 682, 273 *S. W.* 473. See *Crawford's Statutory Construction*, Sec. 269, p. 536. Unless there is an injury to the public interest or some private right by reason thereof, such an act will be construed as merely a guide for the officers in the conduct of the public business so as to insure the orderly and prompt performance of public duties. *Mayor and Council of Wilmington v. Barsky*, 5 *Boyce* 30, 90 *A.* 217.

Similarly, statutory provisions prescribing the time for drawing the jury, such as here, a certain number of days before the term of court at which it is to serve, will also be construed as being merely for the guidance of the officers and will

be considered directory only. *State v. Haney,* 151 *Mo. App.* 251, 132 *S. W.* 55; *Burns v. State,* 246 *Ala.* 135, 19 *So.* 2d 450; *Caldwell v. State,* 203 *Ala.* 412, 84 *So.* 272; *Watson v. Coles,* 170 *Va.* 141, 195 *S. E.* 506; *Daugherty v. State,* 59 *Ga. App.* 898, 2 *S. E.* 2d 519; *Haden v. State,* 176 *Ga.* 304, 168 *S. E.* 272.

The provisions of the statute are for the purpose of providing for the orderly process of the court. The time provided for selecting the jury permitted the publishing of the jury list and gave the sheriff ample opportunity for summoning the jurors. These provisions should have been fully complied with. In this case the non-compliance amounted to more than mere inadvertence. Instead of selecting the jury panel 15 days prior to the term of court, the selection was made approximately three months before the beginning of the term. The duty which the commissioners were called upon to perform was a part of their official duties. We think that the failure to adhere substantially to the provisions of the statute was irregular. Nevertheless, there is no contention of prejudice or that any public interest or private right has been invaded. The purpose of the act, although improperly carried out, was fully complied with. The action of the commissioners therefore did not run contrary to any public interest and there is no evidence that any individual has been deprived of any private right by reason thereof.

The case of *Haden v. State, supra,* is a case similar in this respect to the present case. There the statute provided that at the close of each term of court the court should draw the names of the grand jury for the ensuing term. Actually they were drawn more than a month prior to the expiration of the term of court. Upon a motion to quash an indictment the court held that since there was no showing of prejudice there was not sufficient cause to warrant the quashing of the indictment.

We think that the provisions of the statute as to the time for drawing of the jury panel are therefore directory and not mandatory. We also hold that there has been no showing here that plaintiff has been prejudiced in any manner or that the

public has been injured by reason of the non-compliance as to time. We do not wish to be understood as deciding that it is unnecessary at any time or under any conditions that this provision as to time be complied with. The question of whether or not there has been prejudice will have to be determined under the facts presented in each individual case. It may well be that under other circumstances this court would decide that such non-compliance would be prejudicial to the interests of the public or to the rights of some individual. What we are now deciding in this opinion is merely that this particular provision of the statute is directory and not mandatory and that under the facts presented in this case there has been no showing of prejudice.

Plaintiffs have cited several cases, the leading case being *State v. Rouner*, 333 *Mo.* 1236, 64 *S. W.* 2d 916, 92 *A. L. R.* 1099, to the effect that where the jury is picked by someone not authorized by the statute, the provisions of the statute in that respect are mandatory. That is unquestionably a correct statement of the law enunciated in these cases and we do not question it here. But that is not the point presented in this case. Unlike the cases relied upon by plaintiffs, the jury panel here was not picked by any outside or unauthorized person, but was selected by an authorized person at an improper time. These cases and the other cases cited by plaintiffs in support of their contention are not in point.

The judgment of the Superior Court is affirmed.