### 28920. McHAN v. THE STATE.

NICHOLS, Presiding Justice.

On February 11, 1973 the defendant was arrested and charged with the murders of Larry and Michael Cross and with aggravated assault upon Billy Cross. On February 15, 1973 attorneys were appointed to represent him. A multiple count indictment was returned by the grand jury in March, 1973. After indictment a motion to quash was filed and overruled. Prior to arraignment a plea in abatement was filed which challenged the jury as not being made up of fairly representative cross section of jurors because women and persons between 18 and 21 years of age were not proportionately represented. After hearing evidence the plea in abatement was overruled and the defendant was then tried and convicted. Life sentences were imposed for the murders and a five year sentence for the aggravated assault. Thereafter the defendant's amended motion for new trial was overruled and the present appeal filed.

1. The motion for new trial as amended contains grounds which have not been argued in this court. These

grounds are deemed abandoned. Supreme Court Rule 18 (c), 226 Ga. 905, 914; *West v. State,* 229 Ga. 427 (3) (192 SE2d 163). All grounds argued will be passed upon.

2. The defendant was represented by counsel prior to indictment. The motion to quash the indictment because of the makeup of the grand jury, which was made after the indictment was returned, was properly overruled. Compare *Wooten v. State,* 224 Ga. 106 (160 SE2d 403); *Miller v. State,* 224 Ga. 627, 630 (163 SE2d 730), and cits.

3. The failure to revise the jury list in accordance with the time table set forth in Code § 59-106 as amended does not invalidate such jury list for such direction is merely directory. See *Haden v. State,* 176 Ga. 304 (1) (168 SE 272).

4. A traverse jury list which was made up prior to the age of majority being lowered from 21 to 18 is not constitutionally invalid and does not show that the jury commissioners discriminated in making up such list by not including persons within such age bracket.

5. Evidence which merely shows the number of women in a county as compared to the total population and which does not show the number with children under 14 years of age or the number who requested in writing that they not be included in the list of jurors permitted by Code Ann. § 59-112 is not sufficient to show a purposeful exclusion of women from the jury. The judgment overruling the plea in abatement shows no error.

6. In Harris v. New York, 401 U. S. 222, 224 (91 SC 643, 28 LE2d 1) (1971), it was held: "some comments in the Miranda opinion can indeed be read as indicating a bar to use of an uncounseled statement for any purpose, but discussion of that issue was not at all necessary to the court's holding and cannot be regarded as controlling. Miranda barred the prosecution from making its case with statements of an accused made while in custody prior to having or effectively waiving counsel. It does not follow from Miranda that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards. . .

"The shield provided by Miranda cannot be

perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances. We hold, therefore, that petitioner's credibility was appropriately impeached by use of his earlier conflicting statements." P. 226. See also Michigan v. Tucker, 41 LE2d 182 (1974). Thus assuming but not deciding that the warnings given the defendant prior to his making a statement did not measure up entirely to the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) (1966), it cannot be said that such warnings were insufficient to permit such statement to be introduced for purposes of impeachment only, as was done in the case sub judice.

7. The evidence for the state showed that the defendant and his wife were separated, that the defendant thought one of the three victims knew her whereabouts, that after getting the three victims to his trailer he pulled a pistol, demanded information, was refused and started shooting. The defendant contended that he was attacked and shot in self defense. The conviction was authorized and the trial court did not err in denying a new trial.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED JUNE 10, 1974 — DECIDED JUNE 25, 1974 — REHEARING DENIED JULY 9, 1974.

*McCamy, Minor, Phillips & Tuggle, J. T. Fordham, McDonald, McDonald & McDonald, Ralph F. Martin, Jr.,* for appellant.

*Samuel Brantley, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr.,* for appellee.