34619. FLORENCE v. THE STATE.

JORDAN, Justice.

Elmo Liston Florence and John Henry Mooney were indicted for the contract killing of T. K. Harty, the owner of a tavern in Athens. In separate trials both were convicted and sentenced to life imprisonment. Mooney's appeal was heard by this court in *Mooney v. State,* 243 Ga. 373 (254 SE2d 337) (1979), and his conviction was affirmed.

The evidence in both cases is substantially the same and the legal issues raised on appeal are substantially the same. See *Mooney v. State,* supra, for a resume of the evidence.

1. In his first enumeration of error the appellant contends that the trial court erred in admitting into evidence certain notes and papers implicating him in the murder found in possession of his co-indictee Mooney since "they were hearsay and their admission into evidence violated the appellant's sixth amendment confrontation rights."

There is no merit in appellant's contention that the papers in question had been seized in an illegal search. Fully meeting this contention in Division 1 of *Mooney,* supra, we held that the search was reasonable under all the circumstances and that the trial court did not err in allowing the fruits of these searches to be introduced at Mooney's trial.

Appellant contends that the notes found in Mooney's possession when he was arrested on October 7, 1977, were inadmissible at his trial because of the hearsay rule. An exception to the hearsay rule is stated in Code

Ann. § 38-306 as follows: "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

Appellant asserts that a conspiracy ends as a matter of law when a conspirator's confession is made to the police, citing *Crowder v. State,* 237 Ga. 141 (227 SE2d 230) (1976) and that his alleged confession to Reinhold on September 20, 1977, is the same as one made directly to the police, citing *Hill v. State,* 239 Ga. 278 (236 SE2d 626) (1977). Applying these principles to the facts of this case, appellant contends that the conspiracy ended on September 20, 1977, making the exception to the hearsay rule inapplicable. We cannot agree that the conspiracy ended at that time because of the subsequent efforts of Florence to conceal the identity of a party. See *Crowder v. State,* supra, and *Hill v. State,* supra. The record shows that appellant's nephew visited him in jail after his arrest on September 23, 1977, and that he told his nephew "do not identify him," meaning Mooney. We must therefore assume that the conspiracy of concealment was a continuing matter and had not ended at the time the incriminating notes were found. See Dutton v. Evans, 400 U. S. 74 (1970).

The Dutton court provided guidelines for a case by case inquiry as to the effect of the lack of confrontation, stating that there are "indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant." Applying this principle, we conclude that these notes merely corroborated the appellant's own confession and authenticated the conspiracy between Mooney and Florence.

In addition to what is said above, we note that the record is silent as to whether the appellant attempted to call (confront) Mooney who had already been convicted and who testified at his trial in his own behalf.

We find no merit in any of the contentions in support of his first enumeration of error.

2. Appellant next contends that "the trial court erred in failing to grant appellant's motions for change of

venue since the setting of the trial was inherently prejudicial and the voir dire disclosed actual prejudice on the part of the jurors."

Substantially the same evidence in support of the motion for change of venue was submitted in the *Mooney* case, supra. We dealt thoroughly with these issues in Division 2 of *Mooney* and our holding there is applicable to this enumeration of error.

Appellant urges, however, that his situation is different since Mooney was tried and convicted before his trial began and that Mooney's conviction was well publicized by the media. While the trial judge could have considered this fact in ruling on the motion, we cannot say that he abused his discretion in overruling the motion. See *Reed v. State,* 238 Ga. 457 (233 SE2d 369) (1977) and *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976). To hold otherwise would mandate that a defendant could never be tried in the county where a co-defendant had been previously tried and convicted.

Exhaustive voir dire questioning of prospective jurors does not show that the jurors had been prejudiced by the pretrial publicity, including that concerning the previous conviction of Mooney. The record shows that the 12 trial jurors stated on examination that they had no opinion as to the guilt or innocence of the appellant and that they would base their verdict solely on the evidence introduced at trial. That is the bottom line in all change of venue motions. We find no abuse of discretion in denying the motions of change of venue.

3. Appellant next contends that "the jury was improperly impaneled from a stale list, resulting in a jury that was demonstrably not fairly representative of the community."

We held in *Mooney,* supra, (p. 395), that "the failure of the jury commissioners to revise the jury array in accordance with Code Ann. § 59-106 for a period of three years and eight months will not alone invalidate the jury. *McHan v. State,* 232 Ga. 470 (207 SE2d 457) (1974); *Haden v. State,* 176 Ga. 304 (168 SE 272) (1933)."

It cannot be said that a failure to revise the jury list in this period of time resulted in a prima facie case of "age discrimination" or otherwise resulted in a failure to

represent a cross section of the community. This court has held that the exclusion of a certain age group from a jury pool does not result in a per se illegal array. *Hudson v. State,* 240 Ga. 70 (239 SE2d 330) (1977) and *Fouts v. State,* 240 Ga. 39 (239 SE2d 366) (1977).

This enumeration is without merit.

4. Appellant contends that "the trial court erred in admitting in evidence numerous repetitious and inflammatory photographs of the victim," resulting in prejudice to him.

These pictures were substantially the same set of color photographs used in the *Mooney* trial. Citing well established Georgia law we held in *Mooney,* supra, that the trial court did not err in admitting these photographs into evidence.[1]

5. Lastly, the appellant alleges error in the trial court's charge on conspiracy, contending that the charge was erroneous, misleading and confusing, and that it conveyed to the jury the impression that "they could convict the defendant of the crime of murder merely by finding him guilty of a conspiracy to commit the murder."

In reviewing the entire charge on conspiracy, we conclude that the trial court correctly defined the law of conspiracy and clearly established the state's burden of proof. We find no error in the charge as given.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED MARCH 13, 1979 — DECIDED MAY 31, 1979 — REHEARING DENIED JUNE 21, 1979.

---

[1]According to the record 24 color photographs of the victim were introduced into evidence by the district attorney. At least a number of those could be said to be repetitious and merely cumulative. To this writer it appears that some prosecuting attorneys are taking license with the very liberal policy of this court in refusing to find reversible error in the use of photographs. The use of photographs should be limited to only those which are relevant and illustrative of the issues.

*Guy B. Scott, Jr., John K. Larkins, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.

Elmo L. Florence, Sr., *pro se.*