## 36176. DAVENPORT v. THE STATE.

MARSHALL, Justice.

The defendant, Manual Grant Davenport, appeals from his conviction of murder, for which he received a life sentence.

1. There was evidence adduced, including the testimony of five eyewitnesses, from which the jury was authorized to find as follows. The appellant went to a tavern for the express purpose of confronting the victim and accusing him of complicity in a burglary of the house of the appellant's girl friend. As the ensuing argument heated up between the two in the tavern's parking lot, the appellant went to his car, withdrew a chain, held it in the air, and rattled it at the unarmed victim in a threatening manner. There is no evidence that the victim made any threats, threatening remarks, or menacing gestures to the appellant, although the appellant and one witness testified that the victim pushed the appellant. Even though he had a chain and the victim was unarmed, the appellant went back to his car, told a passenger therein that he wanted to leave, yet picked up his shotgun from the back seat and returned to confront the victim again. The victim apparently thought the shotgun was unloaded. The appellant fired one shot into the air (claimed by him to have been a warning shot), then, only a few seconds later, lowered his gun and shot the victim in

the abdomen, resulting in his subsequent death.

The case was submitted to the jury on the theories of murder, voluntary manslaughter, and both grades of involuntary manslaughter, and self-defense was also charged. The appellant asserts that the jury should have found sufficient justification to absolve him from guilt. However, "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony." Code Ann. § 26-902 (a) (Ga. L. 1968, pp. 1249, 1272). "Provocation by threats will in no case be sufficient to free the person killing from the crime of murder, or reduce the homicide from murder to manslaughter, when the killing is done solely for the purpose of resenting the provocation thus given . . ." *Moore v. State,* 228 Ga. 662 (1) (187 SE2d 277) (1972) and cits. The motive of the slayer is for determination by the jury. Id., (1).

The evidence in the case was sufficient to enable a rational trier of fact to find that each element of the offense was proved beyond a reasonable doubt.

2. The trial court did not err in denying the appellant's motion to have a coroner's inquest and his resulting motion to quash the indictment for lack of such inquest.

Code Ann. § 21-205 (Ga. L. 1953, pp. 602, 605; 1960, pp. 1009, 1015; 1961, p. 437) provides in part: "Coroners shall require post mortem examination and/or autopsy to be performed and inquest in their respective counties as follows: . . .

"(1) When any person shall die as the result of violence, or suicide, or casualty, or suddenly when in apparent health, or when unattended by a physician, or within 24 hours after admission to the hospital without having regained consciousness, or in any suspicious or unusual manner: Provided, however, no inquest shall be held under the following circumstances:

"(b) When the presence of one or more eyewitnesses, competent in the mind of the peace officer in charge, has been established, *even though the post mortem examination and/or autopsy revealed that death resulted*

*from foul play."* (Emphasis supplied.)

The appellant urges that, under this statute, an inquest is required at all times when foul play is indicated. This construction is contrary to the plainly expressed intention that an inquest is *not* required where there are competent eyewitnesses present, whose testimony can be used to establish the circumstances of the death. In the present case, there were five eye-witnesses, whose competency was not attacked.

3. The appellant contends that the trial court erred in admitting in evidence two photographs depicting the victim's wounds and the surrounding area, including the surgical incision made in an unsuccessful attempt to save the victim's life. It is argued that the location of the wounds was not disputed, and that the appearance of the wounds had been changed by the surgical procedures employed. The photographs were relevant to prove the corpus delicti and show the location and severity of the wounds, notwithstanding that such evidence was cumulative. *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838) (1978) and cits. Since only three of such photographs were introduced in evidence, there was no repetition such as has been criticized. See *Florence v. State,* 243 Ga. 738, 741 (fn. 1) (256 SE2d 467) (1979).

The judgment convicting the defendant of murder is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 25, 1980 — DECIDED
JUNE 10, 1980.

*Dozier, Daniel & Williams, J. Robert Daniel,* for appellant.

*Walker Johnson, District Attorney, Charles Weston, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.