## 60620. CLARK v. THE STATE.

SHULMAN, Judge.

This appeal is from appellant's conviction of voluntary manslaughter. We affirm.

1. The trial court did not err in admitting into evidence nine photographs of the victim's body. *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838); *Florence v. State,* 243 Ga. 738 (4) (256 SE2d 467).

2. Appellant contends that the trial court erred in failing to grant a mistrial, claiming that appellant's character was placed in issue by the testimony of a witness for the state. The testimony toward which appellant's complaint was directed was the statement that appellant and the victim knew each other and "hustled" together. The word "hustled" was not defined or explained.

We cannot agree with appellant that the use of so ambiguous a term necessarily implied bad character on the part of appellant. As was pointed out by the prosecuting attorney during the colloquy which followed appellant's motion, there are several meanings for the

word "hustle" and some of them are positive rather than derogatory. Therefore, we find no error in the trial court's denial of the motion for mistrial.

3. Appellant's third enumeration of error, that the trial court improperly permitted the state to cross examine appellant concerning his silence when arrested, is wholly without support in the record. The questioning was not even remotely connected with appellant's silence at the time of arrest: the prosecuting attorney merely contrasted appellant's detail recall of the events surrounding his arrest with his assertion that he could not remember where he was when the victim was killed.

4. After both sides had rested, appellant moved for a mistrial, asserting that the failure of the state to conduct any pretrial identification procedures rendered the in-court identifications of the eyewitnesses impermissibly suggestive. The denial of that motion is enumerated as error.

"A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification. [Cits.] The test is whether the identification confrontation staged by the law enforcement authorities, judged by the 'totality of the circumstances surrounding it,' is 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to constitute a denial of due process of law." *Moye v. State,* 122 Ga. App. 14, 17 (176 SE2d 180).

Appellant has cited us to no evidence in the record, and we have found none, which would indicate that the testimony of the eyewitnesses who identified appellant at trial was based on anything other than their observation of appellant during the killing of the victim. Considering the totality of the circumstances, we find no improper suggestiveness and no likelihood of irreparable misidentification.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 5, 1980.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.