S06A1861. THE STATE v. PARLOR.
(642 SE2d 54)

HINES, Justice.

The State appeals from the trial court's order quashing the indictment charging Rodney James Parlor with the malice murder of Mary Lee Sharpe.[1] See OCGA § 5-7-1 (a) (1). For the reasons that follow, we reverse.

Parlor was indicted on April 29, 2004. He filed a motion to quash the indictment, contending that the grand jury was not legally constituted. The trial court granted the motion, finding that the requirements of OCGA § 15-12-40 (a) (1) concerning revision of the grand jury list had not been met, and the grand jury was thus not legally constituted. OCGA § 15-12-40 (a) (1) sets forth that

> [a]t least biennially, unless otherwise directed by the chief judge of the superior court, the board of jury commissioners shall compile, maintain, and revise a trial jury list of upright and intelligent citizens of the county to serve as trial jurors and a grand jury list of the most experienced, intelligent, and upright citizens of the county to serve as grand jurors.

It is undisputed that the last revision of the jury list before Parlor's 2004 indictment was completed on October 9, 2000, and that the indictment was returned by grand jurors selected from that list.

In addressing the precursor to OCGA § 15-12-40, this Court has said that

---

[1] Although no formal notice is in the record before this Court, it appears that the State has announced its intention to seek the death penalty in this case.

the provisions of Code § 59-106 are directory only and, therefore, the failure to revise the jury list in accordance with the timetable set forth in Code § 59-106 does not invalidate the jury list or deprive the defendant of any right to which he is entitled. See *McHan v. State*, 232 Ga. 470 (3) (207 SE2d 457) (1974); *Sims v. State*, 221 Ga. 190 (1c) (144 SE2d 103) (1965); *Haden v. State*, 176 Ga. 304 (1) (168 SE 272) (1933); *Daugherty v. State*, 59 Ga. App. 898 (2 SE2d 519) (1939).

*Burney v. State*, 244 Ga. 33, 38 (3) (257 SE2d 543) (1979). See also *Al-Amin v. State*, 278 Ga. 74, 80 (7) (597 SE2d 332) (2004); *Sealey v. State*, 277 Ga. 617, 618-619 (2) (593 SE2d 335) (2004); *Florence v. State*, 243 Ga. 738, 740-741 (3) (256 SE2d 467) (1979); *Mooney v. State*, 243 Ga. 373, 394-395 (7) (254 SE2d 337) (1979). Accordingly, failure to comply with the strictures of OCGA § 15-12-40 (a) (1) "will not afford cause for quashing the indictment." *Haden*, supra at 305 (1).

Nonetheless, Parlor contends that the wording of OCGA § 15-12-40 (a) (1) that the jury list "shall" be updated at least biennially makes that task mandatory for the board of jury commissioners, rather than directory. However, the word "shall" was present in the statutes involved in this Court's prior decisions, see *Burney*, supra; *Haden*, supra, and we remain convinced that the provision is directory. See *Sealey*, supra. Parlor also asserts that this Court's precedents are not controlling because some cases deal with challenges to the *petit* jury list due to failure to meet the strictures of OCGA § 15-12-40, when the current challenge is to the *grand* jury list. See *Florence*, supra; *Mooney*, supra. However, that distinction is of no moment. The statutory origin of the directive to revise the lists is the same for both jury lists, and precedent is clear that the statutory statement regarding revision of the grand jury list specifically is directory. See *Sealey*, supra; *Haden*, supra.[2]

*Judgment reversed. All the Justices concur.*

---

[2] The State further contends that there is no evidence that use of the 2000 jury list led to any disparity in the representation of a cognizable group. See *Ramirez v. State*, 276 Ga. 158, 163 (3) (575 SE2d 462) (2003). Although not all portions of the record have been forwarded to this Court, it appears that in a pre-trial hearing, the parties performed the calculations necessary to ensure that there was no such disparity. See U.A.P. II (E). In any event, the trial court's decision to quash the indictment was based solely on the failure to revise the grand jury list during the time period set forth in OCGA § 15-12-40 (a) (1).

DECIDED FEBRUARY 26, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney,* for appellant.
*Jackson & Schiavone, George T. Jackson,* for appellee.