## 46992. HEARD v. THE STATE.

CLARK, Judge. This appeal in propria persona is from judgments of conviction and sentences for two felony offenses of aggravated assault, a misdemeanor offense of carrying a pistol without a license, and a felony offense of theft by receiving stolen property with the sentences running consecutively.

J. R. Stubbs, Jr., (known as Jimmy Stubbs) testified he was

in his father's liquor store at 8 p.m. on September 18, 1970. His father was sitting behind a counter; Mr. Louis Thompson and Mr. Bob Ivester were also in the store. His testimony was that a man came in carrying a pistol, wearing a long coat and "shades," and with some band-aids on his face. The person addressed his father and said, "You know what this is; if you don't get up, I am going to start shooting." The individual then shot five or six times in the direction of Stubbs and of his father after which he ran out of the establishment. The sheriff's office was immediately called and Deputy Hill arrived very quickly; a car in the area "took off" and Deputy Hill gave chase.

In the courtroom the son identified the defendant as the man who did the shooting.

Louis C. Thompson and Bob Ivester testified substantially the same as Stubbs regarding the occurrence. Both also identified the defendant as the offender.

The testimony of Deputy Hill was that he chased the car together with Captain Niblett and another officer of the Milledgeville Police Department. He said that after a pursuit through local streets with the cars speeding between 75 and 90 miles per hour the defendant went into a ditch, got out and fled, but was caught and arrested. He stated a gun was taken from the front seat of the car in the ditch.

After a determination by the court out of the presence of the jury as to voluntariness of a purported confession Chief Deputy Hall testified the defendant was brought in and advised of his rights, that he then signed a waiver of his right to have an attorney present, after which defendant related he had had a flashback from taking LSD when he walked in the store and something told him to shoot the place up but he had no intention of robbing it.

The defendant's unsworn statement was that he was not guilty; rather he was a victim of circumstances in that he just happened to be walking down the street when he saw a car come across a field and run into a ditch; and

when he went to see if anyone was hurt he saw someone get out and run so he decided to go after him and see what the problem was but just as he started after him a police car pulled up and arrested him. *Held:*

1. Appellant's first enumeration of error is that: "The court erred in placing appellant on trial and convicting him after holding him illegally under arrest in excess of twenty (20) days without giving appellant an arraignment hearing, or informing him of the charges against him."

From the argument in appellant's brief (appealing pro se) and his citations, it appears he has reference primarily to the timeliness of his commitment hearing. In this regard it appears appellant was legally arrested without a warrant on September 18, 1970; that the same day a justice of the peace, pursuant to affidavit sworn to by J. R. Stubbs and Jimmy Stubbs, issued an arrest warrant under which the continued detention of the defendant was authorized. By law the custodian of defendant was then required to present him before a committing officer within 72 hours. *Code Ann.* § 27-210 (Ga. L. 1956, p. 796). Cf. *Johnson v. Plunkett,* 215 Ga. 353 (110 SE2d 745). Such commitment hearing was not held, however, until October 13, 1970, when the committing magistrate ruled probable cause existed and the defendant was bound over to the jurisdiction of the superior court.

Notwithstanding the alleged wrong, the courts have ruled that such delay in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence. *Furman v. State,* 225 Ga. 253 (5) (167 SE2d 628); *Johnson v. Plunkett,* 215 Ga. 353, supra; *Dukes v. State,* 109 Ga. App. 825 (1) (137 SE2d 532); *Blake v. State,* 109 Ga. App. 636 (2) (137 SE2d 49).

If appellant's contention is that upon demand he was denied an arraignment hearing it is refuted by the record. The record shows formal arraignment was waived by his attorney as to each indictment. Formal arraignment may be waived not only expressly, as here, but impliedly.

*Hudson v. State,* 117 Ga. 704 (45 SE 66).

No reversible error appears from the first enumeration.

2. The second enumeration is that the court erred in refusing to allow defendant to examine the jury that tried him.

The voir dire of the jury was apparently not transcribed. Therefore, solely for consideration of the alleged error, we accept defendant's versions of what transpired which is that he believed there were members on the panel prejudiced against him and wished to conduct his own voir dire examination but was denied this right over his protest to the court and his attorney.

Where a party is represented by counsel it is a matter within the sound discretion of the trial judge upon timely request as to whether such party may or may not conduct part or all of the cause. Such limitation does not violate the constitutional right of an individual to defend himself. "Confusion and perplexity would necessarily arise if a cause were to be conducted at the same time both by counsel and by the party himself. If the defendant has counsel to conduct his cause, he may suggest any question to them which he considers fit to be put; or if he takes the conduct of it upon himself he may have the benefit of their private suggestions upon matters of fact, and as soon as any point of law arises they shall be readily heard upon it. The trial court has the undoubted right to hold all trials to their proper and legitimate channels. It is not only his legal right, but his duty as well, to see that the court's business proceeds in an orderly and decorous manner." *Moyers v. State,* 61 Ga. App. 324, 328 (6 SE2d 438); *Loomis v. State,* 78 Ga. App. 153, 160 (51 SE2d 13); *Roberts v. State,* 14 Ga. 18. Generally see Annot. 77 ALR2d 1233.

3. The third enumeration of error asserts error in the denial of his motion for new trial because "the verdict was without evidence to support it." Here appellant argues that "an essential element was not proved." Appellant's brief points out that one indictment charged aggravated

assault against J. R. Stubbs and one indictment charged aggravated assault against Jimmy Stubbs but that appellant was convicted of both offenses on the testimony of Jimmy Stubbs alone as J. R. Stubbs, Sr., did not testify.

As previously pointed out, Jimmy Stubbs as well as Louis C. Thompson and Bob Ivester, testified to the event as eyewitnesses. Thus there was direct evidence of the essential elements of the crimes which amply supports the verdicts. Appellant's argument that he had a right to be confronted also by his accuser, J. R. Stubbs, Sr., is without merit. The State or the People is the accuser. The constitutional right is the right to be confronted with the *witnesses* testifying against him. Const., Art I, Sec. I, Par. V (*Code Ann.* § 2-105). This right of the appellant was not abridged.

4. The fourth enumeration is that the trial court erred in admitting a pistol in evidence on the ground that it had not been properly identified as having been taken from or used by defendant and therefore was irrelevant and highly prejudicial. Notwithstanding no objection was made at trial, this enumeration is without merit. There was testimony defendant had a pistol in his possession in the liquor store and shot it about five times in the directions of J. R. Stubbs, Sr., and Jimmy Stubbs. There was testimony a pistol was found on the seat of the vehicle from which the defendant had fled. The pistol exhibited in court was identified as the gun taken from the seat of the car. Evidence is admissible to show that an accused owned, possessed, or had access to articles with which the crime was or might have been committed. *Wilson v. State*, 215 Ga. 782 (113 SE2d 447); *Powers v. State*, 172 Ga. 1 (15) (157 SE 195).

5. The fifth enumeration is: "The court erred in fixing appellant's sentences to run consecutively since all the alleged offenses stem from a single transaction and were committed in a single course of conduct." Appellant cites *Code Ann.* § 26-506 (Ga. L. 1968, pp. 1249, 1267) which provides that several crimes arising from the same con-

duct must be prosecuted in a single prosecution unless the interest of justice otherwise requires. This statute also prohibits conviction of more than one crime if one crime is included in the other (e.g., the offense and the attempt). Appellant argues that the two aggravated assault indictments differ only in that a different individual is named in each, but that difference is crucial as two separate and distinct crimes are thereby charged. The service of sentences for multiple convictions, whether to be concurrent or successive (consecutive), is controlled by *Code Ann.* § 27-2510. The trial court has expressly ordered that the sentences be served consecutively. No error has been shown in connection with this enumeration.

6. "The fact that a person is arrested without a warrant and is not conveyed before an officer authorized to issue a warrant within a reasonable time allowed for the purpose, as required by *Code Ann.* § 27-212, does not of itself render his confession, voluntarily given during his unlawful detention, inadmissible in evidence." *Blake v. State,* 109 Ga. App. 636 (3) (137 SE2d 49). Appellant here contends he was unlawfully detained, was never advised of his rights, never signed a waiver of same, and never volunteered the statement regarding which Chief Deputy Hall testified. Whether there was a confession at all and whether it was freely and voluntarily given was an issue for the jury and which was so presented under a correct charge from the court.

7. The transcript filed below in this case is certified by the Official Court Reporter for the Superior Courts of the Ocmulgee Circuit to contain a true, complete, and correct transcript of the evidence, motions, objections, rulings, colloquies and charge of the court in the matter. The transcript transmitted to this court on appeal is certified by the Clerk of the Superior Court to be the original copy of the transcript filed by the Court Reporter.

The appellant contends that the transcript does not contain all the testimony and proceedings with the result that

his right on appeal is prejudicially abridged.

The correctness of the transcript or record is a matter to be addressed to and resolved by the trial court. *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24). We note from the record that a "Motion to Correct Records" was made and ruled on adversely by the trial court. That ruling has not been attacked.

8. Appellant contends that the representation afforded him by his court-appointed counsel was so ineffective as to amount to a denial of the right to counsel guaranteed by the Federal and State Constitutions. The contention is absolutely without support in the record. Before a final conviction will be set aside on the ground of incompetent or ineffective counsel it must appear that the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court. "'Lawyers are not required to be infallible . . . the ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict.'" *Hart v. State,* 227 Ga. 171, 177 (179 SE2d 346), quoting Williams v. Beto (CCA 5), 354 F2d 698, 704, and Odom v. United States (CCA5), 377 F2d 853.

9. There was ample evidence to support the guilty verdict for the offense of carrying a pistol without a license (*Code Ann.* § 26-2903). *McHenry v. State,* 58 Ga. App. 410 (1) (198 SE 818).

10. The only evidence offered by the State with regard to the offense of theft by receiving stolen goods (*Code Ann.* § 26-1806) was the testimony of Baldwin County Chief Deputy Hall that his investigation revealed the car which defendant was driving when arrested had been reported stolen in Atlanta in May, 1970.

The fact that the car was a stolen car and that the defendant had possession of same is not alone sufficient to authorize a conviction for the offense of theft by knowingly receiving stolen property. *Johnson v. State,* 122 Ga. App. 769 (178 SE2d 772); *Gaskin v. State,* 119 Ga. App. 593, 594 (168 SE2d 183); *Bird v. State,* 72 Ga. App. 843 (4)

(35 SE2d 483). As to this offense the trial judge erred in not granting the defendant's motion for a new trial made on the general grounds.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED MARCH 9, 1972—DECIDED APRIL 5, 1972—
REHEARING DENIED APRIL 13, 1972.

Robert J. Heard, *pro se.*

*Joseph B. Duke, District Attorney, John T. Strauss,* for appellee.