## 27779. BLOOMFIELD v. LIGGETT & MYERS, INC. et al.

JORDAN, Justice. The Court of Appeals has certified the following question to this court for instruction: "In an action in Fulton Superior Court for money damages and declaratory relief, does the right granted the plaintiff by the Constitution of 1945, Art. I, Sec. I, Par. IV (Code Ann. § 2-104), preclude judicial discretion as to the grant of a stay of the proceedings in the said Fulton Superior Court action pending the determination of an action previously filed by the defendants against the plaintiff in a New York federal district court, in which action the Georgia claim is a compulsory counterclaim under both the federal and Georgia laws?" *Held:*

The question is answered in the negative.

The language as it now appears in Art. I, Sec. I, Par. IV, Constitution of 1945 (Code Ann. § 2-104), i. e., "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both," first appeared as Art. I, Sec. I, Par. IV, Constitution of 1877.

Small's A Stenographic Report of the Proceedings of the Constitutional Convention Held in Atlanta, Georgia, 1877 (Constitution Publishing Company, Atlanta, 1877) reflects the adoption of the language in 1877 as the proposal of Mr. Tift, who explained it as follows (p. 94): "Mr. Tift. I see no provision of that kind in the printed bill before us. It is very important that every person shall be permitted to prosecute or defend his own case in any of the courts of this state. In some of the courts they have a provision that no person shall appear without an attorney. At any rate, that is the practice in nearly all of the courts. In cases where persons are not able to employ attorneys, the court

appoints one for him. [Sic] Yet, I think, in every case, the person should have the right to appear himself, and by attorney also, I call for the division. Upon the division the vote was - [ayes] 101; noes 29. So the amendment was received."

In the light of the above and considering the prior constitutional history of this subject we view the present provision of the Constitution as primarily intended to guarantee the right of self-representation in the courts of this State (see *Levadas v. Beach,* 119 Ga. 613, 614 (46 SE 861) or by an attorney, or both, and as only incidentally recognizing the inherent right of access to the courts. But one having exercised his inherent right of access and having pleaded his case, in person, or by attorney, or both, subjects himself to the inherent power of the court to control its proceedings. A stay in proceedings is merely a suspension of further proceedings, as distinguished from an abatement on the one hand or a continuance on the other. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Company, 299 U. S. 248, 254 (57 SC 163, 81 LE 153). In general, see 1 AmJur2d 621, Actions, § 92 et seq.; 1 CJS 1405, Actions, § 131 et seq.; annotations, 19 ALR2d 301, 56 ALR2d 335.

*Certified question answered in the negative. All the Justices concur.*

ARGUED MARCH 13, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED APRIL 25, 1973.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, William G. Grant,* for appellant.

*Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, Harvey Meyerson, Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Gary W. Hatch,* for appellees.