## 27711. KRIST v. CALDWELL.

HAWES, Justice. Gary Steven Krist, being confined in the State Penitentiary at Reidsville under a life sentence imposed after his conviction of the offense of kidnapping for ransom, filed his pro se petition for the writ of habeas corpus contending therein that his conviction was illegal on various grounds therein set out. The writ was duly issued and after a lengthy hearing he was remanded to the custody of the warden. He appealed and he enumerates in this court 29 grounds of alleged error. The nature of the issues presented, and so much of the facts and evidence as are necessary to an understanding of the rulings made, will be set forth in the opinion.

1. The petition for habeas corpus was filed on December 23, 1971, in the Superior Court of Tattnall County. In it petitioner alleged in the first paragraph thereof that he "is confined in custody at the Georgia State Prison in Tattnall County, Georgia, by the respondent who is the warden of that institution." The hearing on the petition was held on January 27, January 28, and March 1, 1972, before the Judge of the Superior Court of Tattnall County. The order appealed from was entered on the 11th day of November, 1972. In it the trial court found that the petitioner "is now confined in the State Prison at Reidsville, Georgia." In his first ground of enumerated error, petitioner contends that this finding is false, that in fact at the time the order was entered he was confined at the Georgia Diagnostic and Classification Center in Jackson, Georgia, in Butts

County. He contends that the falsity of this finding indicates bias on the part of the trial judge and such incompetence as to vitiate the entire order. It is manifest that this finding was demanded by the record before the court at the time the order was entered and that it would have necessitated the court's going outside the record for it to have made any other finding.

Appellant also complains of other findings of the court as being unsupported by the record, and which, he contends, the court necessarily had to go outside the record in order to make. There is no merit in any of these contentions. The reference in the order to the date of the commission of the crime of which appellant was convicted as being 1969, when, in fact, it was committed in 1968, is plainly an inadvertence. It is not apparent that any harm resulted to the petitioner from this. See *Bateman v. Bateman,* 224 Ga. 20, 21 (159 SE2d 387). Finally, appellant was convicted of the offense of kidnapping for ransom. At the time of the commission of the crime, former Code Ann. § 26-1603 was in effect and it provided the death penalty for that offense, or, upon the recommendation of the jury, life imprisonment. The appellant was sentenced to life imprisonment. Under these circumstances, the finding of the habeas corpus court that he was sentenced to the minimum possible sentence for the offense of which he was convicted was an accurate statement of the law. None of the matters complained of in enumeration of error No. 1 show cause for reversal.

2. The test as to whether unfavorable newspaper publicity has so prejudiced a case against one accused of a crime that a fair trial cannot be had is whether the jurors summoned to try the case have formed fixed opinions as to the guilt or innocence of the accused from reading such unfavorable newspaper publicity. *Dutton v. State,* 228 Ga. 850, 852 (188 SE2d 794).

Appellant did not move for a continuance or a change of venue at the trial because of unfavorable newspaper publicity. Assuming, but not deciding, however, that he may assert for the first time in a petition for habeas corpus that he did not receive a fair trial on this account, the record does not support this contention. The transcript of the voir dire examination of the prospective jurors held prior to the trial was introduced as an exhibit in the habeas corpus hearing. It shows without dispute that the jurors who were selected to try the accused had formed no fixed opinion as to his guilt or innocence and were perfectly impartial between him and the state, notwithstanding the wide newspaper publicity which was given to the case before the trial. Under these circumstances, the habeas corpus court did not err in overruling the petitioner's contention respecting the unfavorable newspaper publicity, and there is no merit in his grounds of enumerated error numbered 2, 3 and 4.

3. In his appeal to this court from his conviction and sentence appellant raised questions as to the legality of the search of his automobile and the admissibility of evidence seized in that search. This court found that the search was made pursuant to a lawful warrant issued upon probable cause. *Krist v. State,* 227 Ga. 85, 90 (179 SE2d 56). In grounds of enumerated error numbered 5 through 10, appellant complains of the refusal of the habeas corpus court to set aside his conviction because of the admission of this evidence. In grounds 12, 13 and 14, appellant contends that the admission of certain other items of physical evidence on his trial constituted a denial of due process and equal protection of the law. These grounds raise, at most, questions of the improper admission of such evidence. In ground 11, appellant attempts to raise the validity of the sentence to life imprisonment for the crime of kidnapping for ransom, his basic contention

being that the Georgia law does not make kidnapping for ransom a separate crime. This issue was raised in the trial court and before this court on appeal, where the question was decided contrary to appellant's contentions. The assertion of these contentions constitutes an attempt by the appellant to have a second appeal, or to substitute habeas corpus for an appellate review of these issues which cannot be done. *Bonner v. Smith,* 226 Ga. 250 (3) (174 SE2d 438); *Coleman v. Caldwell,* 229 Ga. 656 (2) (193 SE2d 846).

4. In two grounds of appellant's enumeration of errors, he complains of the denial of compulsory process to him on the trial of the main case. This relates to the failure of the state to provide compulsory process beyond 150 miles radius from the place of his trial. He does not show, however, that there was any particular witness or witnesses whom he would have subpoenaed, and whose testimony would have been material and relevant had they been present. Under these circumstances, he cannot now complain and it is unnecessary for us to decide whether the denial of compulsory process beyond a radius of 150 miles from the scene of the trial and across state lines amounts to a denial of due process. Grounds of enumerated error numbers 15 and 16 are without merit.

5. In two grounds of enumerated error, the appellant complains that he was denied the right to represent himself on appeal from the main case. The record shows that he was represented by able counsel on the trial and on appeal. He makes no contention that counsel failed to raise questions concerning his trial which he would have made himself had he represented himself, and under these circumstances it is not apparent that he was harmed by the denial of that request. As was said by the judge of the habeas corpus court, the right to defend pro se and the right to counsel are two faces of the same coin, and the

assertion of one right (in this case, the right to be represented by counsel) constitutes a waiver of the correlative right to represent himself. Accordingly, grounds 17 and 18 of the enumeration of errors are without merit.

6. In a number of grounds appellant complains of the illegal admission and exclusion of evidence, undue restrictions upon his presentation of the evidence, and the refusal to allow him to interview witnesses during the habeas corpus hearing. We have carefully examined the transcript of the hearing and find no merit in any of these. The appellant was afforded every opportunity to make out his case, the hearing was recessed in order to enable him to interview witnesses and study certain documentary evidence. The transcript of the voir dire examination of prospective trial jurors was admitted for the purpose of showing that no prejudice accrued to the accused by reason of the unfavorable newspaper publicity prior to the trial. There is a presumption that such a transcript, when properly certified by the court reporter, is a correct and complete record of all that transpired. The trial court did not err in refusing to permit the appellant to impeach that transcript. Grounds 23 through 29 of appellant's enumeration of errors are all without merit.

7. Appellant complains in grounds 21 and 22 of his enumeration of errors that the habeas corpus court erred in refusing to appoint counsel or subpoena witnesses for him. Appellant was not entitled to appointed counsel at his habeas corpus hearing. *Chatman v. Caldwell,* 229 Ga. 337 (2) (191 SE2d 63). "A habeas corpus proceeding is not a criminal prosecution and the court is not required to subpoena witnesses for the prisoner in such cases." *Johnson v. Smith,* 227 Ga. 611 (4) (182 SE2d 101); *Snell v. Smith,* 228 Ga. 249, 250 (184 SE2d 645).

8. Finally, appellant contends in ground 19 that due to the rulings of the lower court a fee contract between him and his trial counsel could not be obtained and introduced in evidence, his contention being in effect that such contract vested his attorney with such an interest in his conviction as to render his representation of him on the trial of the case a sham. The transcript of his trial was introduced in evidence as an exhibit on the habeas corpus hearing. It shows, without question, that the accused was afforded vigorous and able legal defense, both on the trial and in his appeal to this court. Assuming that the fee contract, as contended by the appellant in his brief, granted to his counsel an interest in the royalties which he might realize in the future by reason of newspaper or magazine stories about the kidnapping that might be published, it is not apparent from this fact alone that counsel acquired an interest in his conviction rather than in his acquittal.

9. We have carefully examined the record and the transcript of the habeas corpus hearing, and we find no merit in any of the appellant's contentions raised in the trial court or in this court. It follows that the habeas corpus court did not err in remanding him to the custody of the warden.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED MAY 10, 1973.

Gary Steven Krist, *pro se.*

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General, Harold N. Hill, Jr., Deputy Assistant Attorney General,* for appellee.