## 28736. CRAWFORD v. THE STATE.

JORDAN, Justice.

This appeal is from a conviction in Richmond Superior Court of armed robbery and motor vehicle theft. The appellant was tried by a jury on May 15, 1973, and was found guilty of both offenses. The appellant contends that he was denied effective assistance of counsel and that as a result thereof his constitutional rights were violated.

The record shows that the appellant was arrested in June, 1972, and that Mr. Joseph DeWitt was appointed by the court as his counsel. Mr. DeWitt represented the appellant at his preliminary hearing. Subsequent to this hearing and apparently due to efforts of his counsel, the appellant was transferred to Central State Hospital in Milledgeville for psychiatric treatment and diagnosis where he remained for some three months. He was returned to Richmond County on December 13, 1972, and Mr. DeWitt was again appointed by the court on May 7, 1973, as his counsel. On May 15, 1973, his counsel filed a special plea of insanity on behalf of the appellant and the jury rendered a verdict against this special plea.

A jury was then impaneled and opening statements made by both parties. At that time the appellant addressed the court and stated "I would like to dismiss Lawyer DeWitt for showing lack of interest in my case and for not preparing adequate defense of my case." Upon interrogation by the court the appellant stated that his

attorney had not subpoenaed his witnesses. Upon further questioning the appellant stated that he had only one witness that he wished to subpoena. He refused to advise the court the nature of this witness' testimony. He further stated that his parents and a brother were seeking to obtain private counsel for him, but admitted that he had not seen his brother in the past two weeks and did not know his exact address in the Augusta area. In reply to the appellant's statement Attorney DeWitt stated that the appellant had not given him the name of any witness, had not co-operated with him, had only denied his guilt and did not give him any facts upon which his defense might be based. After further colloquy between the court, the appellant, and his counsel, the trial court found Attorney DeWitt to be an able and experienced counsel in criminal cases, denied appellant's motion and the trial continued. The appellant remained silent after his rights were explained and his conviction followed. *Held:*

1. Upon a careful review of this record we conclude that the trial court did not abuse its discretion in overruling the appellant's motion to dismiss counsel or to grant a continuance under these facts. The record is without dispute that the appellant from the time of his arrest was provided court-appointed counsel who represented him at all stages of the proceedings up to and including the trial. It appears from the record that court appointed counsel rendered the most effective assistance possible under circumstances where the client refused to cooperate or to make any statement to him other than to state that he was not guilty. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

The appellant relies upon the case of *Walker v. State,* 194 Ga. 727 (22 SE2d 462). The facts of that case are clearly distinguished from the factual situation here, including the fact that in *Walker* the inquiry concerning counsel was made prior to the selection of the jury. In United States v. Young, 482 F2d 993, the defendant made a similar request after his jury had been selected and the trial court's denial of that motion was upheld. McKenna v. Ellis, 280 F2d 592, is not applicable since attorney DeWitt, unlike McKenna's attorneys, was found by the trial court to be able and competent counsel.

2. The general grounds of the motion for new trial are wholly without merit. The appellant was positively identified by two witnesses, including the victim, who saw him enter the building in which the crime occurred with pistol in hand, rob the office of money and demand the car keys to the victim's car in which he then drove away.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 18, 1974 — DECIDED APRIL 4, 1974.

*Lanier, Powell, Cooper & Cooper, L. E. Maioriello,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.

