## 50870. McDUFFIE v. THE STATE.

STOLZ, Judge.

The defendant was indicted and tried by a judge without a jury for the felony offense of "failing to pay for livestock" (Code § 5-9914), convicted of the misdemeanor of giving a worthless check (Code § 5-9916), and sentenced to one year's imprisonment, suspended upon making restitution and payment of a fine. He appeals from the overruling of his motion for new trial.

1. The indictment charged and accused "Henry McDuffie with the offense of failing to pay for livestock (felony) for that the said Henry McDuffie on 19th day of January, in the year of our Lord nineteen hundred and seventy-two in the county aforesaid [Appling], did then and there, unlawfully, purchase and buy 12 cows, having a value of $600 from Bill Tomberlin, a farmer, on a cash sale and said accused did fail and refuse to pay the said Bill Tomberlin the said cash purchase price therefor and said accused did make away with and did dispose of said cows without paying the said cash purchase price thereof, all of said act [sic] being contrary to the laws of said state, the good order, peace and dignity thereof."

The above indictment was sufficient, as against the defendant's general and special demurrers, to charge the offense of Code § 5-9914. The time (January 19, 1972) and

the place (Appling County) of the offense were alleged. The purchase price was sufficiently asserted by the allegation that the property had a value of $600, and the allegation that credit had not been expressly extended was implicit from the allegation that it was a *cash* (as opposed to *credit*) sale. The allegation of purchase from Bill Tomberlin was sufficient to impute ownership or legal possession in the seller. The description of the property, "cows," was more definite and specific than the term "cattle" used in Code § 5-9914, hence was sufficient.

2. The evidence authorized the conviction under Code § 5-9916. Venue was proved by the evidence that the *sale* was consummated at the seller's residence in Appling County, regardless of where the property was delivered and title passed under Code Ann. § 109A-2—401 (Ga. L. 1962, pp. 156, 200). There was evidence that the defendant purchased twelve calves from Mr. Tomberlin for $600, for which amount he gave a check which was refused by the drawee bank. Neither Code § 5-9914 nor § 5-9916 requires that the "farm product" be produced by a producer or be property sold by a commission merchant as a farm product. Nor was there a fatal variance between the allegation of "cows" as the farm product for which the check was given and the proof of calves of both sex. This allegation was not material since the gravamen of the offense is the giving of the worthless check, not the genus or sex of animals constituting "farm products" (as set out in Code § 5-9915) for which it was given (as would be relevant and material in a prosecution for larceny, for example). The evidence shows that the defendant was aware of which animals were purchased.

The judgment of conviction being authorized by the evidence, the trial judge did not err in overruling the motion for directed verdict of acquittal and for a new trial.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED JULY 1, 1975 — DECIDED SEPTEMBER 2, 1975.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*W. Glenn Thomas, Jr., District Attorney,* for appellee.