## 54640. HIATT v. THE STATE.

McMurray, Judge.

The defendant was charged by accusation with three counts of misdemeanor, i.e.: driving under the influence of intoxicants; endangering the bodily safety of persons on a public road by consciously disregarding the safety of others by pulling his automobile in front of traffic (reckless conduct); and, driving without having in his possession and holding a valid driver's license as required by law and not being exempt from the provisions requiring a license. He was found guilty of all three counts and sentenced to serve 12 months on Count 1; six months on Count 2 to run consecutively to the 12 months on Count 1, and six months on Count 3 to run consecutively to the six-month sentence on Count 2. Defendant appeals. *Held:*

1. During the trial counsel for defendant made two motions for directed verdict of not guilty and for acquittal. The evidence was sufficient to support the verdict of guilty of all three counts. There is no merit in the enumeration of error complaining of the denial of the motions. *Butler v. State,* 130 Ga. App. 469, 476 (203 SE2d 558); *McDuffie v. State,* 135 Ga. App. 616 (2) (218 SE2d 320).

2. A charge of possession of marijuana had been severed, but during the trial the state introduced testimony that the officers found a green leafy material in the car, that the defendant and the automobile smelled of marijuana and the defendant appeared to be under the influence of marijuana, as well as an alcoholic beverage. This testimony was relevant and material. Based upon this evidence the court did not err in denying defendant's motion for mistrial because of the introduction of testimony involving a "green leafy material," "green leafy substance," "leafy material," and "marijuana." Nor

did the court err in denying the defendant's motion to strike from the record any and all testimony in regard to the alleged leafy material found in the automobile with the defendant. See *Williams v. State,* 223 Ga. 773 (1) (158 SE2d 373); *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165).

3. Since the three counts arose out of one occurrence the court did not err in denying defendant's motion to sever the charge of driving without a license from Counts 1 and 2 (driving under the influence and reckless conduct in driving the automobile). See Code § 26-506.

4. The court held an in camera inspection of the solicitor's file and found no exculpatory material. Defendant has not produced any evidence that the state withheld exculpatory materials. There is no merit in the complaint that the court erred in denying defendant's motion for pre-trial discovery by refusing to hold an in camera inspection of county records concerning the defendant. Defendant contended that in some vague manner an in camera inspection would disclose certain favorable information with reference to this case with particular reference to the records of the safety director for Cobb County who was called as a witness for the defendant. However, none of his testimony discloses that he possessed any exculpatory information. The court did not err in denying the motion for pre-trial discovery by holding an in camera inspection of the county records concerning the defendant.

5. Generally, a person indicted for or charged with an offense against the laws of this state is entitled as a matter of right to be arraigned before pleading to the indictment. But, whenever an issue of law is presented by the defendant without demanding a formal arraignment this amounts to a waiver of arraignment as to issues of law or fact. This is a plea to the merits. See *Kincade v. State,* 14 Ga. App. 544 (2) (81 SE 910). The defendant had previously been charged but the same nol prossed and only shortly before trial was he again charged by accusation. Whereupon defendant made a number of motions and obtained rulings thereon. After consideration of several of the motions, he insisted on his motion that he had never been formally arraigned and

that the charges against him should be dismissed. Thus, the defendant obtained rulings upon issues of law in this case before insisting upon his motion for formal arraignment. By his conduct he has waived such request. See *Sisson v. State,* 141 Ga. App. 559, 561 (4) (234 SE2d 146). There is no merit in this complaint.

6. Defendant contends that the court erred in denying the defendant's constitutional right to assist his counsel in his defense during the trial of his case. But the court is in charge of the trial in the exercise of a broad legal discretion as to the proceedings. See *Heard v. State,* 126 Ga. App. 62, 65 (2) (189 SE2d 895). In this instance the trial judge cautioned the defendant several times about making audible statements which could be heard by the court and the jury. The court instructed the defendant that he had requested an attorney be appointed to represent him, and the attorney was appointed to represent him, and as long as he had an attorney that the defendant will, "say it through you as his attorney and he will converse with you in a tone that's not audible to the court and he will not make any motions or conduct the trial of this case as long as you are his attorney." The court then stated to counsel, "[d]o you want him to try the case or do you want to try it?" Whereupon counsel answered that he wanted to try the case. Then the court instructed him that in his discretion, "the trial will be better conducted if we have lead counsel who handles the conduct of the case. Now, he has every right to confer with you. . ." As stated in *Heard v. State,* 126 Ga. App. 62, 65, supra, if a party is represented by counsel, "it is a matter within the sound discretion of the trial judge upon timely request as to whether such party may or may not conduct part or all of the cause. Such limitation does not violate the constitutional right of an individual to defend himself." Here the trial judge did not abuse his discretion as shown by the circumstances confronting him during the trial. There is no merit in this complaint.

7. During cross examination of the defendant the character of the defendant was not put into question when the solicitor requested that he be allowed to see defendant's driver's license, since this was the subject matter of one of the counts that he was driving without

benefit of a driver's license. We find no merit in this complaint.

8. The trial court did not err in charging the jury that, ". . .[i]n order for you to bring back a verdict of guilty, the state must prove to you beyond a reasonable doubt that the accused was a less-safe driver. First, the state must prove to you beyond a reasonable doubt that the defendant was operating a motor vehicle under the influence of intoxicating liquors or under the influence of intoxicating drugs or under the influence of intoxicating liquors and drugs. Second, the state must prove to you beyond a reasonable doubt that the defendant was a less-safe driver by virtue of his being under the influence of such intoxicating liquors or drugs or a combination of such intoxicating liquors or drugs." While, as contended, the accusation charged the defendant with operating a motor vehicle while under the influence of "intoxicating beers, wines, liquors and opiates," the charge as given by the trial court is not subject to the objection made, and there is no merit in this complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED NOVEMBER 10, 1977 — REHEARING DENIED DECEMBER 7, 1977 —

*G. Fred Bostick,* for appellant.
*Herbert A. Rivers, Solicitor, J. Stephen Schuster, Assistant Solicitor,* for appellee.