34749. BURNEY v. THE STATE.

MARSHALL, Justice.

The appellant, David Burney, Jr., was convicted of the murder of City of Atlanta Police Officer Frank Schlatt and the armed robberies of Ronald Dukes, who was the manager of the Dixie Furniture Store, and George Malcom, who was an employee of the furniture store. These crimes were committed by the appellant and others during their holdup of the Dixie Furniture Store on May 13, 1978. The appellant's trial was held in the Fulton Superior Court in November of 1978, and he was given three consecutive sentences of life imprisonment.

1. In the first enumeration of error, the appellant

argues that the trial court erred in denying him the right to counsel of his own choosing during a pretrial hearing on a motion for a continuance.

At appellant's arraignment in June of 1978, he represented to the trial court that he was indigent, and he requested that the trial court appoint counsel to represent him. The trial court appointed the Public Defender to represent the appellant. After arraignment, the appellant became dissatisfied with the Public Defender, and he decided to obtain another attorney, Mr. Joe Gailey, to represent him. In August of 1978, Mr. Gailey filed a notice before the trial court that he would represent the appellant, and he also filed a motion that the court appoint him as the appellant's counsel and, since the appellant was indigent, that the trial court compensate him for his services.

In September of 1978, there was a hearing on a motion for continuance filed by the state. The state was seeking this continuance so that a material witness, one of the appellant's alleged accomplices could be extradited from out of state and appear at trial. Gailey appeared at the hearing and requested the trial court to dismiss the Public Defender as the appellant's attorney. The trial court conducted a hearing on this question, and the court ruled that Gailey would not be allowed to serve as the appellant's leading counsel because of Gailey's lack of experience. (Gailey had never tried a murder case.) The trial court made this ruling despite the appellant's testimony that he was aware of Gailey's lack of experience and wanted Gailey to represent him anyway. The trial court did rule that Gailey could participate in the trial by associating himself with the Public Defender's office or by obtaining another leading counsel with more experience. The trial court did later admit Gailey as co-counsel for the appellant, and Gailey was in fact allowed to serve as leading counsel at trial.

The state's motion for continuance was granted without objection by any of the attorneys present at the hearing. Nonetheless, the appellant argues that if Gailey had been allowed to represent him during the hearing on a motion for continuance, he might have persuaded the trial court to deny the motion. In this manner, the

appellant alleges prejudice.

A criminal defendant does have a constitutional right to be defended by counsel of his own selection whenever he is willing and able to employ such counsel. *Delk v. State,* 100 Ga. 61 (27 SE 152) (1896); *Long v. State,* 119 Ga. App. 82 (166 SE2d 365) (1969). However, an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court. See *Crawford v. State,* 232 Ga. 71 (205 SE2d 276) (1974). See also *Williams v. State,* 192 Ga. 247 (15 SE2d 219) (1941).[1] We conclude that the trial court did not abuse its discretion in refusing to allow Mr. Gailey to be substituted for the Public Defender as the appellant's leading counsel at the hearing on the motion for a continuance.

This enumeration of error is without merit.

2. In the second enumeration of error, the defendant argues that the trial court deprived him of his constitutional right of self-representation by refusing to allow him to act as co-counsel in his own defense.

The defendant filed a pretrial motion requesting that he be allowed to participate at trial as co-counsel. This motion was asserted orally at the commencement of the trial. The trial court ruled that the defendant had two attorneys representing him and that this was sufficient. Accordingly, the motion was denied by the trial court.

A criminal defendant has a constitutional right of self-representation which derives from the Sixth Amendment. Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Under the Sixth Amendment, it has been held that the assertion of the right to be represented by counsel constitutes a waiver of the Sixth

---

[1] In order to establish an abuse of discretion on the part of the trial court in denying such a request, other courts have required the defendant to make a showing of good reason to believe that the right to assistance of counsel was substantially impaired or effectively denied because the request was not granted. See generally, 157 ALR 1225.

Amendment right of self-representation. United States v. Bowdach, 561 F2d 1160, 1176 (5th Cir. 1977); United States v. Wolfish, 525 F2d 457, 462 (2nd Cir. 1975), cert. den. 423 U. S. 1059 (96 SC 794, 46 LE2d 649) (1976).

However, a criminal defendant has a separate, state constitutional right of self-representation which derives from Art. I, Sec. I, Par. IX of the Georgia Constitution (Code § 2-109). This state constitutional provision guarantees that, "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this state, in person, by attorney, *or both*." (Emphasis supplied.) See *Bloomfield v. Liggett & Meyers, Inc.,* 230 Ga. 484 (198 SE2d 144) (1973).[2] Thus, under the express terms of the state constitutional guarantee, the assertion of the right to be represented by counsel does not constitute a waiver of the right of self-representation. It is axiomatic that this court must follow the Constitution.

The cases have held that the trial court retains the inherent power to regulate, in its discretion, the manner in which the constitutional right of self-representation will be exercised. See *Roberts v. State,* 14 Ga. 18 (1853); *Hiatt v. State,* 144 Ga. App. 298 (6) (240 SE2d 894) (1977); *Heard v. State,* 126 Ga. App. 62, 65 (189 SE2d 895) (1972); *Moyers v. State,* 61 Ga. App. 324, 328 (6 SE2d 438) (1939). As these cases show, the trial court possesses ample authority to ensure that the trial proceeds in an orderly and decorous manner without infringing upon the defendant's constitutional right to represent himself. Where the defendant does have counsel to represent him, the trial court can require the examination and cross examination of witnesses to be conducted by one counsel

---

[2]There is a reference in *Bloomfield v. Liggett & Meyers, Inc.,* supra, to discussion of this constitutional provision during the Constitutional Convention preceding the adoption of the Constitution of 1877. For discussion of the same provision during the Constitutional Convention prior to the adoption of the Constitution of 1945, see Records of the Commission of 1943-44 to Revise the Constitution of Georgia, edited by Albert B. Saye, Vol. 1, pp. 532-533.

only. See Code § 24-3388. *Roberts v. State,* supra; *Moyers v. State,* supra. The trial court can require leading counsel to be appointed and leading counsel can be required to conduct other aspects of the case, such as the voir dire examination of prospective jurors. See *Hiatt v. State,* supra; *Heard v. State,* supra. However, the power of the trial court does not extend so far as to cause an absolute deprivation of this constitutional right enjoyed by the defendant. See *Jackson v. State,* 149 Ga. App. 496 (254 SE2d 739) (1979); *Loomis v. State,* 78 Ga. App. 153, 160 (51 SE2d 13) (1948).

We find that in the present case the trial court's absolute denial of the appellant's motion to participate at trial as co-counsel did deprive him of his state constitutional right of self-representation. However, in view of the fact that the evidence of appellant's guilt was overwhelming, in addition to the fact that the appellant was represented by two able counsel who conducted his defense in an extremely competent manner, we hold that denial of the motion constituted harmless error under the facts present here.

*Krist v. Caldwell,* 230 Ga. 536 (198 SE2d 161) (1973) is overruled insofar as it holds that the assertion of the right to be represented by counsel constitutes a waiver of the right to defend pro se.

3. In the third enumeration of error, the appellant argues that the trial court erred in overruling his challenge to the array of the traverse jury on the ground that the traverse jury pool was not composed in accordance with Code § 59-106 (as amended, Ga. L. 1978, pp. 1611, 1612, eff. July 1, 1978). Code § 59-106 provides, in pertinent part, that: "At least biennially, or, if the senior judge of the superior court shall direct, at least annually, the board of jury commissioners shall compile and maintain and revise a jury list of intelligent and upright citizens of the county to serve as juries. *In composing such list the commissioners shall select a fairly representative cross section of at least 50 per cent. of the intelligent and upright citizens of the county from the official registered voters' list of the county as most recently revised by the county board of registrars or other county election officials.*" (The emphasized language was added

to the statute in the 1978 amendment.)

The evidence presented in support of the appellant's jury challenge showed that as of November 13, 1978, which was the opening day of the appellant's trial, the jury list for Fulton County had not been revised since June 29, 1976. The evidence also showed that the jury list did not contain a number of names equal to 50% of the registered voters of Fulton County, as is apparently required by the 1978 amendment to Code § 59-106. See Op. Atty. Gen., 78-52.

It has been held that the provisions of Code § 59-106 are directory only and, therefore, the failure to revise the jury list in accordance with the timetable set forth in Code § 59-106 does not invalidate the jury list or deprive the defendant of any right to which he is entitled. See *McHan v. State*, 232 Ga. 470 (3) (207 SE2d 457) (1974); *Sims v. State*, 221 Ga. 190 (1c) (144 SE2d 103) (1965); *Haden v. State*, 176 Ga. 304 (1) (168 SE 272) (1933); *Daugherty v. State*, 59 Ga. App. 898 (2 SE2d 519) (1939).

Therefore, the trial court's overruling of the appellant's jury challenge provides no ground for reversal. This enumeration of error is without merit.

4. In the fourth enumeration of error, the appellant argues that the trial court erred in allowing the district attorney to ask questions of witnesses in such a manner as to: (1) comment on the appellant's postarrest silence, thereby running afoul of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and Doyle v. Ohio, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976); and (2) shift to the appellant the burden of proving his innocence, thereby violating Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975).

On cross examination, defense counsel asked a detective from the Atlanta Police Department and an employee of the Dixie Furniture Company, who had heard a couple of the robbers speak, whether the police had used voice identification procedures in order to determine the identities of the perpetrators of the robbery-murder. On redirect examination, the district attorney was permitted, over the appellant's objection, to ask these witnesses whether defense counsel had approached them concerning the use of these voice

identification procedures. The witnesses responded in the negative.

By questioning the witnesses on these matters, the appellant opened the door to the questioning by the district attorney on the same matters. We do not think that these questions posed by the district attorney constituted a comment on the appellant's postarrest silence, in violation of Miranda and Doyle, or shifted to the appellant the burden of proving his innocence, within the meaning of Mullaney. This enumeration of error is without merit.

5. In the fifth enumeration of error, the appellant argues that the trial court erred in admitting a confession given by him to police following his arrest. We disagree. The trial court's determination that the confession was given freely and voluntarily by the appellant was not clearly erroneous. Under these circumstances, the determination in favor of admissibility is accepted by the appellate court. E.g., *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974). This enumeration of error is without merit.

6. In the sixth enumeration of error, the appellant argues that the following charge to the jury on implied malice was unconstitutionally burden shifting: "Malice shall be implied where no considerable provocation appears and where all of the circumstances show an abandoned and malignant heart." This same argument has been made and rejected by this court on previous occasions. See *Thomas v. State,* 240 Ga. 454 (1) (241 SE2d 204) (1978); *Hudson v. State,* 240 Ga. 70, 74 (239 SE2d 330) (1977); *Patterson v. State,* 239 Ga. 409 (4b) (238 SE2d 2) (1977); *Davis v. State,* 237 Ga. 279 (2) (227 SE2d 249) (1976). Accordingly, we find this enumeration of error to be without merit.

7. In the seventh and final enumeration of error, the appellant complains of the trial court's denial of his motion for a continuance. The continuance was sought by the appellant so that he could secure the attendance of the Fulton County Jury Commissioners, who he wished to testify in support of his jury challenge. See Division 3, supra. The appellant argues that the trial court's denial of his motion for a continuance abridged his Sixth

Amendment right to compel the presence of witnesses in his behalf.

The record shows that the appellant subpoenaed these witnesses for an earlier trial date at a previous term of court. When the trial was continued, counsel for the appellant wrote these witnesses letters informing them of the changed date for trial and requesting their attendance. On the morning of the first day of trial, none of these witnesses appeared. The trial judge granted the appellant a continuance until that afternoon in order to secure their presence, and one jury commissioner did appear and testify. When the appellant requested another continuance at the afternoon session of court, the trial judge denied the request on the ground that the appellant had not been diligent in attempting to secure the presence of these witnesses.

A motion for a continuance addresses itself to the sound discretion of the trial court. Code § 81-1419. A continuance requested by the defendant in order to obtain the presence at trial of a material witness is properly denied if the defendant has not been diligent in attempting to procure the attendance of the absent witness. *Murphy v. State,* 132 Ga. App. 654, 656-657 (209 SE2d 101) (1974); *Hobbs v. State,* 8 Ga. App. 53 (68 SE 515) (1910).

Under the circumstances present here, we find that the trial court did not abuse its discretion in finding that the appellant was not diligent in attempting to secure the presence of these witnesses and, accordingly, in denying a motion for a continuance. In addition, the jury commissioners could not be considered material witnesses. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Jordan and Hall, JJ., who concur specially.*

ARGUED APRIL 10, 1979 — DECIDED JULY 3, 1979 —
REHEARING DENIED JULY 17, 1979.

*Joe H. Gailey,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney*

*General, Mary Beth Westmoreland,* for appellee.

JORDAN, Justice, concurring specially.

I do not agree with the conclusion of the majority opinion in Division 2 that a criminal defendant has the right to counsel and at the same time the right to represent himself. I would adhere to the opinion of this court in *Krist v. Caldwell,* 230 Ga. 536 (198 SE2d 161) (1973) holding that a defendant who chooses to be represented by counsel waives the "correlative right to represent himself." This holding is in accord with the majority view in the United States and is consonant with the language in our Constitution. The use of the word "both" does not demand a finding that it means "both" at the same time. To allow a defendant to have counsel appointed to represent him and at the same time allow him to represent himself is entirely inconsistent with the orderly procedure of a trial. See *Heard v. State,* 126 Ga. App. 62, 65 (189 SE2d 895) (1972). A defendant cannot "have his cake and eat it too."

I do not believe that the writers of the Constitution intended that this provision of the Constitution should be interpreted as the majority opinion holds. Since I agree that the error, if any, was harmless, I concur in the judgment of affirmance.

I am authorized to state that Chief Justice Nichols and Justice Hall join in this special concurrence.