67194. GOULD v. THE STATE.

DEEN, Presiding Judge.

Gregory Gould appeals following his conviction of burglary, rape and armed robbery.

1. It was not error for the trial court to deny counsel's motion to

withdraw. At the beginning of the trial, appellant's appointed counsel informed the court that Gould did not wish to be represented by him and sought the court's permission to withdraw. The trial judge questioned the defendant who complained that he could not establish a relationship of trust with his attorney, that he did not wish to raise the insanity defense suggested by the attorney, and that he felt the attorney was working more for the state than for him. The court denied the motion finding that the attorney had filed "every conceivable motion" on the defendant's behalf, requested thirty-five jury charges, that counsel had done everything he could on the defendant's behalf and observed that counsel had appeared before him many times in the past and was an able and experienced criminal lawyer.

"[A]n indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court." *Burney v. State,* 244 Ga. 33, 35 (257 SE2d 543) (1979); *Crawford v. State,* 232 Ga. 71 (205 SE2d 276) (1974); *Graddy v. State,* 135 Ga. App. 69 (217 SE2d 393) (1975). There is nothing in the record to indicate that the trial court's refusal to dismiss counsel resulted in ineffective assistance of counsel. The defendant insisted in actively participating in the trial of his case by cross-examining witnesses and may not now contend that he was denied effective assistance of counsel. *Mullins v. Lavoie,* 249 Ga. 411 (290 SE2d 472) (1982).

2. Gould exercised his right of self-representation when he insisted upon being allowed to cross-examine several of the witnesses. When he questioned the prosecuting witness as to certain emotional questions, e.g., her awareness of the dimensions of his private parts, the district attorney objected to his irrelevant and outrageous questions and the court ordered the jury be removed from the courtroom. The judge then addressed the defendant and stated, "I want to warn you as a trial judge for ten years, it's my opinion you are seriously damaging your case. You are burying yourself. You're antagonizing this jury and you would do well to let Mr. Harris handle this case without your interference." The defendant then requested the court to stop the case and let his family retain counsel for him. The court refused and warned him that if he did not ask pertinent questions he would be stopped and repeated the warning that he was harming himself by questioning the witness. After the defendant attempted to raise a matter previously ruled upon by the court, the judge repeated his warning for a third time. The defendant insisted that he be permitted to continue to cross-examine the witness. After counsel cross-examined the detective who investigated the case,

Gould once again insisted on being permitted to cross-examine the witness. The court reluctantly agreed to permit him to do so rather than jeopardize his right of self-representation. After the questioning was finished, counsel moved for a mistrial contending that Gould was not getting a fair trial although he conceded it was probably the defendant's own doing albeit unintentional because of the defendant's mental problems. Gould contends the court erred in overruling the motion because the court erred in allowing both the defendant and his counsel to cross-examine a witness.

The grant or denial of a motion for a mistrial is largely within the discretion of the trial court and its ruling will not be disturbed on appeal unless it is apparent that the grant of a mistrial is essential to preserve the defendant's right to a fair trial. *Stanley v. State,* 250 Ga. 3 (295 SE2d 315) (1982); *Ladson v. State,* 248 Ga. 470 (285 SE2d 508) (1981); *Bowman v. Bowman,* 230 Ga. 395 (197 SE2d 372) (1973). There is nothing in the transcript to show that the court abused its discretion. The defendant insisted upon his right of self-representation and now wishes to place the court in a "Catch 22" position by claiming the court should not have allowed both his counsel and himself to examine witnesses despite his failure to heed the court's repeated warnings that his conduct was harming him in the eyes of the jury. Compare *Dasher v. State,* 149 Ga. App. 740, 741 (256 SE2d 106) (1979), where it was observed that "he cannot have his cake and eat it too." While a defendant has a constitutional right of self-representation, the court retains the power to regulate, in its discretion, the manner in which the defendant exercises his right. The court can require that examination and cross-examination of witnesses be conducted by only one counsel and can require leading counsel to conduct other aspects of the case. *Burney v. State,* supra; *Johnson v. State,* 246 Ga. 126 (269 SE2d 18) (1980). But see *Moody v. State,* 153 Ga. App. 866 (267 SE2d 291) (1980) which holds it is error to refuse to permit a defendant to actively participate in his own defense. Although these cases permit the trial court to regulate the manner in which a case is presented in order to insure that the trial proceeds in "an orderly and decorous manner," *Burney v. State,* supra at 36, there is no requirement that only one counsel be permitted to examine witnesses as contended by the defendant. In the instant case, he continued to examine witnesses after the motion was overruled and apparently heeded the trial court's admonitions as he discontinued asking outrageous and irrelevant questions. We find no merit in this enumeration.

3. Gould contends the trial court erred in denying his general motion for a directed verdict. The evidence showed that the victim made an immediate outcry following her rape and there was medical

evidence to show that she had had recent sexual intercourse, that she put together a composite of her attacker but did not identify him from a photographic array, but there is no evidence that his photograph was contained in the displays she viewed. The fact that he was not identified until one and one-half months after the attack when she observed him in a filling station and later identified him in a line-up and photographic display would only go to her credibility as a witness and not to the sufficiency of the identification. There was sufficient evidence of rape to go to the jury.

Circumstantial evidence established the defendant's guilt as to the theft of $41 from the victim's pocketbook, some change in a purse and a ring. As there was evidence of forced entry into the apartment, of the defendant's presence in the apartment and of his later demand for money, there was sufficient evidence to permit the burglary count to go to the jury.

As for the evidence to support the armed robbery charge, we find that it was insufficient. OCGA § 16-8-41 (Code Ann. § 26-1902) defines armed robbery: "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by the use of an offensive weapon . . ." The evidence showed that the money was taken from the victim's purse in the dining room and the ring was taken from her daughter's bedroom. The victim never entered these rooms while the defendant was present in her home as she was awakened by her attacker while she slept in the living room. When he demanded money she stated, " 'I don't have any, I guess you've, already got, you know, the money.' I started towards the dining room and he told me no . . . He said to give him the money. I said I don't have anymore. I said, 'I don't get paid until Friday. I don't have anymore money.' " It is error for the trial court to refuse to direct a verdict where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. This court must utilize the "any evidence" test in reviewing the denial of a motion for a directed verdict. *Smith v. State,* 155 Ga. App. 657 (272 SE2d 522) (1980). Accordingly, we find that there was evidence to support the trial court's denial of the motion as to the rape and burglary charges, but not to the armed robbery charge as the crime of burglary had been completed before the victim was threatened with the gun and only an attempted armed robbery was committed. As the court did not charge the jury on attempt, it was error to permit the armed robbery count to be considered.

4. The trial court did not err in striking the testimony of the psychiatrist as contended by the defendant. Gould claims this testimony was essential to his defense of insanity and delusional compulsion. The doctor testified that the defendant suffers from a

paranoid illness accompanied by delusions and that he denies responsibility for his acts and projects the blame onto someone else. The doctor, however, could not give an opinion as to whether Gould knew right from wrong at the time of the attack and testified that it would be sheer speculation for him to say if the defendant was acting under a delusion at the time the crimes were committed. As this testimony was not based on the psychiatrist's expert opinion and was mere speculation, it was worthless and the trial court did not err in striking it from the record. See OCGA § 24-9-67 (Code Ann. § 38-1710). General insanity is not a defense to a crime; the only defenses recognized in Georgia are found in OCGA § 16-3-2 (Code Ann. § 26-702) (no capacity to distinguish right from wrong at the time of the act, omission, or negligence) and OCGA § 16-3-3 (Code Ann. § 26-703) (delusional compulsion at the time of the act, omission, or negligence constituting the crime).

*Judgment affirmed in part and reversed in part. Banke, J., concurs. Carley, J., concurs in Divisions 1, 3, 4 and in the judgment.*

DECIDED OCTOBER 25, 1983.

*Roy L. Allen II,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.