## 70036. WELBORN v. THE STATE.
### (331 SE2d 853)

BENHAM, Judge.

After a jury trial, appellant was convicted of aggravated assault on a police officer and certain traffic violations. His appeal enumerates as error the trial court's striking a portion of his expert witness' testimony and failing to give several of his requested charges. We affirm.

1. At trial, appellant's expert witness, a forensic pathologist, testified, inter alia, that it was possible for appellant to have been in one of several places when he was shot by the officer he assaulted. The witness based his conclusion on information derived from statements made by appellant and the officer, his examination of appellant's gunshot wound, and reenactments of the crime at the scene. The pathologist admitted that his conclusions were just "possibilities." On appellee's motion, the trial court instructed the jury to disregard the testimony concerning the positioning of the appellant and the officer as reconstructed by the pathologist, basing its ruling on the fact that the witness was not an accident reconstructionist. "As this testimony was not based on the [forensic pathologist's] expert opinion and was mere speculation, it was worthless and the trial court did not err in striking it from the record. See OCGA § 24-9-67." *Gould v. State*, 168 Ga. App. 605 (4) (309 SE2d 888) (1983). It follows that there was no error in denying appellant's motion for mistrial on the issue.

2. Appellant's assertion that the trial court erred in failing to give seven of appellant's written requests to charge is totally unfounded. Our review of the record reveals that the trial court gave one of the requested charges in its entirety and made note of that fact when appellant's counsel objected to its alleged omission at the end of the court's charge. The other six requested charges were either covered in the trial court's charge as given or were superfluous. The charge as a whole having covered the subject matter of the requests, no error was committed by failing to use the exact language requested. *Stevens v. State*, 247 Ga. 698 (8) (278 SE2d 398) (1981); cert. den. ___ U. S. ___ (103 SC 3551, 77 LE2d 1398) (1982).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 23, 1985.

B. Andrew Prince, for appellant.

Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney, for appellee.