## 74545. TILLMAN v. THE STATE.
(361 SE2d 66)

POPE, Judge.

Defendant John Tillman was convicted by a jury of attempted burglary. The evidence adduced at trial shows that at the time of the incident the victim was at home recovering from a serious illness. Upon hearing unusual noises, she proceeded to conduct a room by room search of her house during the course of which she discovered the perpetrator standing in her bathroom. The bathroom window had been broken in and the bathroom floor was covered with glass. The victim threatened defendant with a baseball bat and he fled; she pursued him outside where she observed him running towards a nearby creek. The victim contacted the police and an officer who was familiar with the area drove to a local park where the creek ended. Shortly after the officer arrived, she observed the defendant exiting the creek and running into the park where, based on the description given by the victim, she apprehended the defendant. The officer then returned defendant to the victim's home, and the victim identified him as the man she had observed standing in her bathroom.

1. Defendant urges the general grounds and argues that the testimony of the victim, who was sick and on medication at the time the

incident occurred, was insufficient to convict him. However, it is well settled in this state that " '[i]ssues regarding credibility of witnesses must be resolved solely by the jury.' " *Davis v. White*, 168 Ga. App. 272, 273 (308 SE2d 602) (1983); see also *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). Moreover, we have examined the entire record and find the evidence was sufficient to find defendant guilty of the crime charged beyond a reasonable doubt. *Richardson v. State*, 182 Ga. App. 661 (3) (356 SE2d 725) (1987); *Malone v. State*, 181 Ga. App. 563 (1) (353 SE2d 60) (1987).

2. Defendant also contends that the trial court erred in denying his motion for continuance and request for appointment of new counsel. The record shows that defendant was originally appointed counsel on November 17, 1986. On Friday, January 2, 1987 his appointed counsel, acting at defendant's behest, filed a motion stating that defendant had dismissed him as of that date and requested that new counsel be appointed and the case be continued to the next trial term. The trial commenced the following Monday (January 5, 1987), and after the jury was selected defendant renewed his motion and request. The trial court found that the motion was not timely filed and was made as a dilatory tactic and, therefore, denied both defendant's request for new counsel and his motion for a continuance.

Although it is beyond dispute that a criminal defendant has a constitutional right to be defended by counsel of his own choosing if he is willing and able to employ such counsel, it is also the rule that " 'an indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court.' *Burney v. State*, 244 Ga. 33, 35 (257 SE2d 543) (1979); *Crawford v. State*, 232 Ga. 71 (205 SE2d 276) (1974); *Graddy v. State*, 135 Ga. App. 69 (217 SE2d 393) (1975). There is nothing in the record to indicate that the trial court's refusal to dismiss counsel resulted in ineffective assistance of counsel." *Gould v. State*, 168 Ga. App. 605, 606 (309 SE2d 888) (1983).

Moreover, a party is not allowed to use the discharge and employment of other counsel as a dilatory tactic in requesting a continuance. *Tootle v. State*, 135 Ga. App. 840 (5) (219 SE2d 492) (1975). Hence, we find no error in the trial court's refusal to appoint defendant new counsel or to grant his motion for continuance in order to accomplish same.

3. Lastly defendant contends that the trial court erred in denying his motion to suppress the identification testimony of the victim. The record shows that the trial court denied the motion, which was also filed on January 2, 1987, as being not timely filed and dilatory in nature. We agree with the trial court that pursuant to Uniform Superior Court Rule 31.1 defendant's motion was not timely filed. More-

over, pretermitting the issue of timeliness, "[t]he totality of the circumstances convinces us that [defendant was] not denied due process by the showup [identification procedure], as there was no substantial likelihood of misidentification of [defendant] by the victim. [Cit.] . . . Accordingly, we find no error in denying [defendant's] motion to suppress identification testimony." *Wolke v. State,* 181 Ga. App. 635, 636 (353 SE2d 827) (1987); see also *Hamilton v. State,* 162 Ga. App. 116 (2) (290 SE2d 478) (1982); *Kemp v. State,* 158 Ga. App. 570 (2) (281 SE2d 315) (1981); *Daniel v. State,* 150 Ga. App. 798 (1) (258 SE2d 604) (1979).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 14, 1987.

*Willis L. Miller III,* for appellant.

*H. Lamar Cole, District Attorney; Elise B. Ossen, Assistant District Attorney,* for appellee.