A91A1079. COMMERCIAL UNION INSURANCE COMPANY et al. v. HOOVER TREATED WOOD PRODUCTS et al.
A91A1120. COMMERCE & INDUSTRY INSURANCE COMPANY v. HOOVER TREATED WOOD PRODUCTS et al.
(413 SE2d 217)

Judge Arnold Shulman.
The appellants are three casualty insurers which, between them, have filed two declaratory judgment actions in Fulton County seeking to determine their respective obligations under certain policies of liability insurance issued to Hoover Treated Wood Products, Inc. (Hoover). Hoover is a Georgia corporation which produces "fire retardant treated" (FRT) lumber and plywood. These products have been distributed to various vendors throughout the nation, including Georgia-Pacific Corporation and a group of companies collectively referred to by the parties as "the Lowe's Companies," for sale to the building trade. Tort actions have been filed against Hoover and its vendors in several states based on allegations that its FRT products were defec-

tive. Hoover and its vendors have called upon Hoover's liability insurers, including the appellants herein, to defend them in these actions and to indemnify them against any damages for which they might be held liable therein.

The first of the two declaratory judgment actions involved in this appeal was filed on September 21, 1989, by appellant Commerce & Industry Insurance Company. Commerce & Industry contends in its complaint that it is entitled to rescind or retroactively cancel the policy which it issued to Hoover based on certain material misrepresentations Hoover allegedly made in applying for the policy and on Hoover's alleged failure to provide it with timely notice of the existence of the FRT claims. Commerce & Industry further contends that its policy does not, in any event, provide "vendor coverage" under which it would be obligated to defend Hoover's vendors against the FRT claims. Named as defendants in the Commerce & Industry action are Hoover, Georgia-Pacific Corporation, the Lowe's Companies, and the insurance agency through which Hoover obtained the Commerce & Industry coverage.

The second declaratory judgment action was filed on April 10, 1990, by appellants Commercial Union Insurance Company and American Employers Insurance Company. Like Commerce & Industry, these insurers seek an adjudication that their policies do not provide vendor coverage. They also seek an adjudication that certain "certificates of coverage" which were issued to Hoover by the insurance agency through which it procured these policies are unenforceable to the extent they represent that vendor coverage was included therein. These two appellants apparently do not seek to rescind or cancel the policies in question based on any alleged misrepresentations made by Hoover in applying for them or on any violation of the notice provisions contained therein. They do maintain, however, that the coverage provided by the policies does not by its terms encompass product liability claims such as the ones which have been filed against Hoover in connection with the alleged defects in its FRT wood products. Named as defendants in this declaratory judgment action are Hoover, Georgia-Pacific Corporation, the Lowe's Companies, and the insurance agency through which this coverage was sold.

On October 16, 1989, during the interim between the filing of these two declaratory judgment actions, Georgia-Pacific and the Lowe's Companies filed their own declaratory judgment action in federal district court in Florida seeking to determine the respective obligations of approximately 12 liability insurers, including the appellants herein, which allegedly had issued liability insurance to Hoover containing vendor coverage. Neither Hoover nor either of the two insurance agencies involved in the present actions were named as defendants in the Florida action, the subject of that litigation being confined

to the relative obligations of the insurers to Hoover's vendors rather to Hoover itself. Based on the pendency of the Florida action, Georgia-Pacific and the Lowe's Companies filed motions in the present actions seeking to stay further proceedings therein pending a ruling in the Florida case. The trial court granted those motions, and the two cases are before us pursuant to our grant of the appellants' applications for interlocutory review of these rulings.

The trial courts of this state have broad inherent power to stay proceedings " 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Bloomfield v. Liggett & Myers*, 230 Ga. 484, 485 (198 SE2d 144) (1973). See also *Fludd v. Tiller*, 184 Ga. App. 93 (360 SE2d 647) (1987). Since the vendor coverage issue is being litigated in the Florida action, and since the appellants have been named as defendants in that action, we hold that the trial court did not abuse its discretion in staying the present actions to the extent they involve the issue of vendor coverage. However, it is apparent that the Florida litigation does not encompass the appellants' contention that their policies provide no coverage to Hoover itself against the FRT claims, nor could that issue be adjudicated in the Florida action since Hoover is not a party to it. Because the appellants' claims for declaratory relief on this issue may become moot to the extent they are forced to decide whether to provide Hoover with a defense to the FRT claims without the benefit of judicial guidance, we hold that the trial court abused its discretion in staying this aspect of the present litigation. We note, however, that Hoover has asserted in a brief submitted to this court that certain other declaratory judgment litigation is now pending in New Jersey which is more comprehensive in scope than the Florida litigation in that it does encompass the appellants' obligations to Hoover as well as to Hoover's vendors. Inasmuch as the trial court has not yet had an opportunity to rule on the issue of whether a complete stay of the present actions would be warranted by the pendency of that litigation, the case is hereby remanded for such a determination.

*Judgments affirmed in part and reversed in part. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 29, 1991 —
RECONSIDERATION DENIED NOVEMBER 22, 1991 — 

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Dan J. Colley*, for appellants (case no. A91A1079).

*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr.*, for appellant (case no. A91A1120).

*Lawson & Davis, G. Thomas Davis, J. R. Hanks, Nall, Miller, Owens, Hocutt & Howard, Robert B. Hocutt, Joleen M. Casey*, for

appellees.